**Raymond H. SMITH, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 4, 1968.

**720**

Michael F. Tucker, Asst. Public Defender, for defendant below, appellant.

Merrill C. Trader, Deputy Atty. Gen., for plaintiff below, appellee.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The defendant below, Raymond H. Smith, has appealed from a sentence imposed by the Superior Court after a jury verdict of guilty of burglary in the fourth degree, 11 Del.C. § 395. Appellant contends (1) that the evidence was insufficient to sustain the conviction; and (2) the Court below erred in failing to instruct the jury that it could find the defendant not guilty of burglary in the fourth degree, but guilty of breaking and entering alone, pursuant to 11 Del.C. § 3706.

Appellant also was indicted for larceny of an automobile owned by a used-car dealer. The two charges were tried together, and the verdict was guilty as to both of them. No appeal has been taken from the larceny conviction.

There was evidence that the car was taken from the dealer's lot during the night of November 14–15, 1966. It was shown at the trial that a window of the office at the car lot had been pried open. The keys for all cars on the lot, which were kept in a baseball cap in a desk drawer, had been taken out of the drawer and, together with the cap, were found lying on the ground between two cars. The one car was missing. On November 18, 1966, defendant was found driving the car in Maryland. He was arrested and later turned over to the Delaware authorities.

The appellant denied all knowledge of the crime. He testified that he had rented the car from a friend shortly before he was stopped in Maryland. The friend did not testify.

11 Del.C. § 395 defines fourth degree burglary as breaking and entering a building with intent to commit a crime therein, whether such intent be executed or not. 11 Del.C. § 3706 provides that, upon the trial of a person charged with burglary, the jury may acquit of the intent charged and find a verdict of breaking and entering alone. Appellant argues that the evidence of intent in this case was purely circumstantial, and is consistent with lack of intent to commit a crime in the building. He also suggests that the key had no value except as a means of starting the car and that no crime was in fact committed at or in the building except the breaking and entering. For these reasons, he contends that the evidence was insufficient to justify a verdict of guilty under 11 Del.C. § 395.

■ We disagree with appellant's contention. Obviously, the key did have some value to the owner of the car. In our opinion, the crime committed was clearly within the bounds of 11 Del.C. § 395.

■ Appellant further contends that the Court should have charged the jury under 11 Del.C. § 3706 and should have allowed the jury to determine whether the case fell within its provisions. We note that no prayer to this effect was presented to the trial Judge before the charge was given, and that no exception was made to the charge in this respect. In any event, we disagree with appellant's argument. Only one of two findings was justified by the evidence presented: either the defendant was not guilty of committing any crime or he was guilty of breaking and entering with intent to steal the key. It was not incumbent upon the Court to permit the jury to speculate upon some other version unsupported by evidence. Brown v. State, Del., 233 A.2d 445.

The judgment below will be affirmed.