Raymond H. SMITH, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Oct. 29, 1968.

Michael F. Tucker, Asst. Public Defender, for defendant below, appellant.

Merrill C. Trader, Deputy Atty. Gen., for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

SUPPLEMENTAL OPINION

CAREY, Justice:

In our original opinion, 243 A.2d 719, we stated that no appeal had been taken from the larceny conviction, 11 Del.C. § 631. This statement was an error, caused by the failure of these briefs to mention the larceny case. The purpose of this supplemental opinion is to dispose of the appeal from the larceny conviction.

The two charges were tried together in Superior Court and were based upon the same evidence. The Court below included in its charge the customary language concerning the presumption arising from possession of recently stolen property. Despite defendant's denial of guilt, and despite his testimony that he had rented the car from a friend, the jury found him guilty.

After the error was called to our attention, we endeavored to comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The attorney who represented appellant in this appeal informed us that he was unable to suggest any ground for reversal of the larceny conviction. He further stated that appellant himself had not suggested any reason for a reversal. We thereupon invited the appellant himself to give us any reason he might have why the judgment should be reversed. He has now stated some matters which he desires us to consider. We find nothing therein which justifies further argument of counsel.

He first complains because the conviction was based upon his possession of the car, notwithstanding his explanation therefor. The answer is that the jury's verdict was justified unless they believed his explanation. Obviously, they did not believe it. The decision was solely a jury matter and the Court can do nothing about it.

He next expresses dissatisfaction with the work of the attorney assigned to prosecute the appeal. Apparently, this dissatisfaction arises simply because the appeal was unsuccessful, because no other reason has been given. We find no justification in the record for this dissatisfaction.

The next complaint is that he has recently been given the addresses of some witnesses who were not present at his trial. This, of course, is not a proper matter for consideration by this Court at the present. If the discovery of those witnesses warrants a new trial, the matter can be raised before the trial Court under Rule 33.

Finally, he charges that a witness for the State is not honest. That charge is apparently based upon the fact that a criminal charge, having no connection with this case, has recently been made against that witness. This fact furnishes no legal ground for a reversal.

As the final step in our attempt to comply with the requirements of Anders v. California, supra, we have read the record, including the testimony and the Court's charge, and have found nothing therein which we consider arguable, other than the questions which have heretofore been determined by us.

The judgment below will be affirmed.