THE STATE OF DELAWARE V. GILBERT TURNER. THE STATE OF DELAWARE V. ALBERT BURTON.

---

*(March* 15, 1961.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Robert C. O'Hora* and *John P. Daley* for the defendants.

*Charles L. Paruszewski,* Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 56, 1960; being Cr. A. No. 243 and Cr. A. No. 245, 1960.

Southerland, C. J.:

The Superior Court of New Castle County has certified to us the following question:

"Where the only evidence produced against a defendant in a criminal prosecution is testimony that he sold a lottery policy number, which testimony results in a conviction of violating 11 *Del. C.* § 661, can he thereafter, over timely objection, be convicted by reason of that same testimony of violating 11 *Del. C.* § 662, in view of Article 1, Section 8 of the Delaware Constitution pertaining to double jeopardy?"

The following facts of the case are stated in the certificate:

"On February 5, 1960, the defendants, in separate trials in the Municipal Court of Wilmington, were each convicted of having violated both 11 *Del. C.* § 661 and 11 *Del. C.* § 662. The proof against each defendant on both charges was testimony that he made a single sale of a lottery policy number.

"Following these convictions, each defendant appealed his conviction on 11 *Del. C.* § 662 to the Superior Court in and for New Castle County and later filed a motion to dismiss that charge on the ground that he had already been convicted of the same offense, that is, of violating 11 *Del. C.* § 661, in the lower Court. This motion was briefed and argued by both defendants. The argument judge was Judge Carey, who by letter dated November 15, 1960, attached as Exhibit A, directed the question of Double Jeopardy to be certified to this Court."

The statutes referred to are as follows:

11 *Del. C.* § 661:

*"Sale or disposition of lottery tickets*

"Whoever sells or disposes of, or has in his posession with intent to sell or dispose of, any lottery policy, certificate, or

anything by which such person or any other person promises or guarantees that any particular number, character, ticket, or certificate, shall in the event, or on the happening of any contingency in the nature of a lottery, entitle the purchaser or holder to receive money, property, or evidence of debt; or

"Whoever uses or employs any other device by which such person, or any other person, promises or guarantees as provided in the first paragraph of this section—

"Shall, for the first offense, be fined $100 and in default of payment imprisoned 1 month; and, for a second and all subsequent offenses, be fined $100 and imprisoned not less than 1 nor more than 2 months."

11 *Del. C.* § 662:

*"Being concerned in interest in lottery policy writing or vending*

"Whoever is concerned in interest in lottery policy writing, or in selling or disposing of any lottery policy or certificate, or number or numbers or anything by which such person or any other person or persons, promise or guarantee that any particular number or numbers, character, ticket or certificate, shall in the event or on the happening of any contingency in the nature of a lottery, entitle the purchaser or holder to receive money or property or evidence of debt; or

"Whoever uses or employs any other device by which such person or any other person promises or guarantees as provided in the first paragraph of this section—

"Shall be fined not less than $100 nor more than $1,000, and in default of the payment thereof, imprisoned not less than 1 nor more than 12 months."

At the outset we note that the stated facts do not disclose just what happened in the Municipal Court. Were the two charges against each defendant tried together? And if so,

did either defendant raise in the Municipal Court the defense of former conviction?

█ We shall advert to these matters later. At the moment we assume, as for the present purpose we are required to assume, that the defendants have made "timely objection".

Upon this assumption, we proceed to the consideration of the certified question.

Section 8 of Article I of the Delaware Constitution declares that no person shall be twice put in jeopardy "for the same offense".

█ The word "offense" is not synonymous with "act" or "transaction". The same act may constitute two offenses if it is a violation of two distinct statutory provisions. To determine whether there are two offenses the test applied is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 1932, 284 *U. S.* 299, 52 *S. Ct.* 180, 76 *L. Ed.* 306; *Gore v. United States*, 357 *U. S.* 386, 78 *S. Ct.* 1280, 2 *L. Ed.* 2d 1405; *People v. Flaherty*, 396 *Ill.* 304, 71 *N. E.* 2d 779; *Pereira v. United States*, 5 *Cir.*, 202 *F.* 2d 830. In the *Blockburger* case the same sale of drugs was held to constitute two distinct offenses because the statute prohibited (1) a sale not from the original stamped package and (2) a sale not in pursuance of a written order from the purchaser.

█ In the instant case there was one sale. It is contended by the State, under the rule above stated, that the sale constituted (1) the offense of selling a lottery policy under § 661 and (2) the offense of being concerned in interest in selling a lottery policy under § 662. On their face the statutes are differently worded. But the difficulty is that an indictment under § 662 must allege something more than the vague charge of "being concerned in interest". The indictment must specify the elements of the offense. *State v. McDowell*, 1 *Penn.* 2,

39 *A.* 454; *State v. Walls,* 4 *Penn.* 408, 56 *A.* 111. In this case the State relies on the second alternative of the statute. In effect, the State charges the defendants with "being concerned in interest * * * in selling * * * any lottery policy."

Let us assume that a single sale is sufficient to support this charge, as was apparently assumed in the *Walls* case, *supra,* and as is contended here by the State. In that event we have a case in which the two statutory provisions are, for the present purpose, the same. Under the State's contention, no fact additional to the sale is required to constitute the offense of being concerned in interest in selling a lottery policy. The result is that, under the State's construction of § 662, proof of a single sale *and nothing more* constitutes an offense under each statute. This differentiates the instant case from those cited by the State.

We agree that there may be charges under § 662 which are not identical with a charge of a sale under § 661, *i. e.,* it is understandable that one might be "concerned in interest" in lottery policy writing without making an actual sale. Stated in another way, a sale of a lottery policy is not an indispensable element of being concerned in interest in lottery policy writing, so that a conviction of a sale under § 661 does not necessarily bar a prosecution under § 662. See *State v. Norris,* 45 *Del.* 333, 73 *A.* 2d 790, for a discussion of the point.

But the State admits (at least for our present purpose) that it has no evidence of the offense of being "concerned in interest" except the single sale for which each defendant has been convicted under § 661. The result is that the State is not attempting to convict the defendants for two offenses created by distinct statutes; it is attempting to convict the defendants twice for the same offense created by two statutes which, for the present purpose, are identical. This cannot be **done.**

We are of opinion that, under the facts presented to us, the plea of double jeopardy to the information under § 662 is good.

The certified question must therefore be answered "No".

The foregoing opinion is based upon the question as certified to us. That question is based on the assumption that the defendants have made timely objection to the second prosecution.

We think that we should point out that the stipulated facts cast some doubt upon the correctness of this assumption. The two charges were originally brought in the Municipal Court. Whether they were tried together or successively does not clearly appear. In either event, there is nothing to show whether or not in the Municipal Court any objection or motion was made by either defendant to raise the question of double jeopardy, or to lay the ground for that defense. If no such objection or motion was made, a question would arise whether it could afterward be raised on appeal in the Superior Court. *Cf.* 14 *Am. Jur. "Criminal Law"* § 277. We express no opinion on the various questions that might be involved. We wish to say, however, that so far as we can see from the record before us, it may well be open to the Attorney General to raise such questions if he desires to do so.