**Nathan GRANVILLE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Jan. 18, 1972.

---

Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, appellant.

Mason E. Turner, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

Nathan Granville, the appellant, was convicted in Superior Court of selling heroin, in violation of 16 Del.C. § 4725. In this appeal, he raises three contentions: (1) the act which he committed is not punishable under § 4725 because he was acting as a procuring agent for the buyer; (2) the defense of entrapment bars his conviction; and (3) there was error in the charge in the Court's refusal to instruct the jury that they must be satisfied of his guilt to the utmost certainty.

On September 3, 1970, a police officer, dressed as a "hippie," rode a motorcycle to 7th and Tatnall Streets in Wilmington. The officer had a conversation with a man on the sidewalk near the appellant. The man called the appellant over and said to him that "this man" needed some heroin. He asked whether appellant could get some for him. Appellant agreed, whereupon the officer gave him some money, and appellant went into a beauty parlor and came out with three bags of heroin. Appellant told the officer to come to a certain house not far away, because he did not want to be seen handing the officer anything. The officer followed appellant to that house and went inside. There, appellant showed him the three bags, and handed him two of them, saying, "You don't mind if I keep this one for myself, do you?"

This version of the happening is different in many respects from that given by the officer at the trial. It is appellant's version, which we accept as true for present purposes because appellant was, of course, entitled to instructions as to what the jury should find if they believed that version.

I.

The first contention is that the Court erred in refusing to charge upon the defense of "procuring agent." Appellant contends that under the Delaware statute, a person who buys heroin for another cannot be found guilty of selling the drug.

T. 16 Del.C. Ch. 47 is the Uniform Narcotic Drug Act. § 4702(a) reads as follows:

"(a) No person shall manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic or dangerous drug, except as authorized in this chapter."

The word "sale" is defined in T. 16 Del.C. § 4701 in this language:

" 'Sale' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee;"

There is a flat conflict in the decisional law concerning the point under discussion. The federal cases we have found seem to be unanimous in holding that a somewhat similar provision of the Federal Act does not include a buyer or person who acts as a procuring agent on behalf of a buyer. United States v. Sawyer, 3 Cir., 210 F.2d 169; Lewis v. United States, 119 U.S. App.D.C. 145, 337 F.2d 541; United States v. Prince, 3 Cir., 264 F.2d 850. Accordingly, a person who acts in the purchaser's behalf rather than his own, and in so doing purchases the drug from another with whom he is not associated in selling, and subsequently delivers the drug to the buyer, is not a seller and cannot be convicted for the unlawful sale. The federal act is not the Uniform Act, but the Courts of Massachusetts and New York, interpreting the Uniform statute, have accepted the view of the federal courts. Commonwealth v. Harvard, 253 N.E.2d 346 (Mass., 1969); People v. Branch, 13 A.D.2d 714, 213 N.Y.S.2d 535 (1961).

In a number of states, however, under the Uniform Act, the courts have ruled otherwise. They have adopted the principle that the sanctions of that statute apply to an agent of the purchaser as well as an agent of the seller. People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959); State v. Weissman, 73 N.J.Super. 274, 179 A.2d 748, cert. den. 37 N.J. 521, 181 A.2d 782 (1962); People v. Boone, 31 Mich.App. 193, 187 N.W.2d 569 (1971); Higby v. State, 485 P.2d 380 (Wyo., 1971); State v. Dwyer, 172 N.W.2d 591 (N.D., 1969).

In this case of first impression in Delaware, we accept the reasoning of the latter cases. In interpreting the statute, we must keep in mind that the primary legislative purpose is to eradicate improper traffic in drugs. In accordance with that purpose, the Legislature has adopted a definition of the word "sale," which is much broader than is usually contemplated in other commercial transactions; it includes even a gift or offer; moreover, it expressly applies to an agent in any such transaction. There is nothing in the Act which restricts the word "agent" to a person acting for a seller, and in the light of the legislative purpose, it is reasonable to believe that no such limitation was intended. As was said in State v. Weissman, *supra*:

"We are not concerned with semantics but, rather, with legislative intent. If the statutory language is susceptible of two constructions, it is our function to adopt an interpretation that will carry out, not defeat, the manifest objective sought by the legislation . . . It is clear that the legislative design in New Jersey is to eradicate the illegal traffic in narcotic drugs. State v. Reed, 34 N.J. 554, 564, 170 A.2d 419 (1961). That was the primary purpose for the adoption of our Narcotic Drug Laws in 1933 . . . When our Supreme Court, in discussing R.S. 24:18–4, N.J.S.A. in *Reed*, said:

'The statute was passed as an all-out offensive to combat the drug evil by eliminating sources of supply. Every step in the scheme of illegal distribution was made a violation of section 4.' (p. 564, 170 A.2d p. 425)

it emphatically evinced a judicial policy of interpretation and enforcement consistent with the Illinois decisions, supra."

The contention made by appellant that he was simply a procuring agent is not a valid defense, and the trial Judge properly refused to submit the requested charge on this point.

## II.

 Appellant's second contention is that the Court erred in refusing to charge the jury concerning the defense of entrapment. The short answer is that appellant's own testimony shows very clearly that there was no entrapment. He was an addict and he frankly stated that, at the time of this episode, he wanted a "fix." He was hoping to find someone with a like desire because he knew where the get the heroin and his hope was to find someone looking for a supplier, his plan being to offer to make the purchase with the expectation that the buyer would give him a portion of it for his own use—a plan which had proven successful previously. The police officer did not have to persuade or plead with him and, in fact, said little more to the appellant than to ask him if he knew where to get some heroin, that he was "sick" and needed it. The officer did not have to overcome any reluctance on appellant's part to make the "buy;" on the contrary, the request was exactly what appellant was seeking. An officer who merely affords an opportunity to one who intends to violate the law does not thereby entrap the other. 21 Am.Jur.2d 213; Cf. Halko v. State, Del.Supr., 209 A.2d 895 (1965). The Court below was correct in refusing the requested charge.

## III.

 The final allegation of error is the Court's refusal to charge the jurors that they must be convinced to the utmost certainty of appellant's guilt in order to find him guilty. Instead, the Court used the standard "reasonable doubt" charge, which has been accepted in Delaware for many years, and which is substantially the same as that used in most jurisdictions.

The only authority cited in support of this prayer is In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The sole issue in that case was whether a juvenile court correctly applied the civil "preponderance of evidence" rule in the trial of a juvenile offender, rather than the criminal rule of reasonable doubt. The term "utmost certainty" was obviously used in the opinion as a synonym of "beyond a reasonable doubt." Nothing in the opinion suggests that the Supreme Court intended to establish a new standard of proof in criminal cases. Appellant agrees with this statement; he argues that his prayer did not ask for any change in the law, but that the use of the requested term would be more clearly understood by lay jurors than the customary charge. We disagree with this suggestion. Although the use of the two phrases as synonymous terms in an opinion is understandable, we think that it ought not to be done in a jury charge; we believe that the expression "utmost certainty" might be accepted by many laymen as requiring a greater degree of persuasion than "proof beyond a reasonable doubt." In any event, we know of no rule which compels the trial Judge to use the precise language of a prayer, Cf. 53 Am.Jur.2d 426; we cannot set aside the verdict if the charge given correctly and adequately explains the applicable law in language clearly understandable by the jury. Such is the case here.

Finding no reversible error, we affirm.