**STATE of Delaware, Plaintiff,**

**v.**

**Alfreda RANDOLPH, Defendant.**

Superior Court of Delaware,
New Castle.

March 28, 1972.

Richard R. Wier, Jr., State Prosecutor, Wilmington, for plaintiff.

Sheldon N. Sandler, of Bader, Dorsey & Kreshtool, Wilmington, for defendant.

STIFTEL, President Judge.

This case was heard without a jury. The defendant was charged with the sale of a narcotic drug on January 11, 1971. James L. Buchanan, a Wilmington police officer, acted as an undercover agent and identified Alfreda Randolph as the individual who procured a $5 purchase of heroin from 2616 Speakman Place, an address she frequented. The agent and his informant contacted defendant when she was walking down French Street. She recognized the informant as Jimmy, "a junkie". Jimmy said he was sick and needed something. She tried to be helpful. She went into 2616 Speakman Place and obtained a package of heroin and $5.00 was given to her—she claims by Jimmy, but the undercover agent claims he gave her the money. I believe it was the police officer. She defends by saying that she was merely a conduit and derived no personal profit and in any event, she was entrapped.

I find that Alfreda Randolph is guilty of the crime charged. The definition of "sale" is broad. 16 Del.C. § 4701 defines it as follows:

" 'Sale' includes barter, exchange, or gift, or offer therefor, and each such

transaction made by any person, whether as principal, proprietor, agent, servant, or employee;"

Title 16 Del.C. § 4706(c) has no application since this protects individuals who, in the performance of their official duties, require possession of a drug. Defendant does not fit within the exceptions stated under this section. Presumptively, when she was paid for the heroin, a profit inured to her benefit. In any event, her activity in reference to the procurement of the drug fits within the definition of "sale".

### Entrapment

■ Although the facts do differ from those that are set forth in Granville v. State, 287 A.2d 652, decided by the Delaware Supreme Court on January 18, 1972, nevertheless, what is said by the Court in reference to the defense of entrapment is applicable to this case. Here, as there, the police officer did not have to persuade or plead with defendant. In fact, he said little more to the defendant than to indicate that the informant needed some help because of his illness. The officer did not have to overcome any reluctance on defendant's part to make the buy. She cooperated. See Anno.: "Entrapment—Narcotics Offense", 33 A.L.R.2d 879, 885; and supplemental Later Case Service.

I find that no one used more persuasion on defendant than would ordinarily have been used to effect an ordinary sale and that the accused was ready and willing to help and to make the sale. See 32–39 A. L.R.2d L.C.S., p. 168.

■ Defendant has not demonstrated that 16 Del.C. § 4701 is so vague as to violate the due process clause. The definition of sale is clear. The fact that the definition includes more than is normally contemplated in a commercial sale is not significant. It clearly states what it does include and it includes within its definition

a person acting as defendant acted. In *Granville*, the Court wrote:

" . . . In interpreting the statute, we must keep in mind that the primary legislative purpose is to eradicate improper traffic in drugs. In accordance with that purpose, the Legislature has adopted a definition of the word 'sale', which is much broader than is usually contemplated in other commercial transactions; it includes even a gift or offer; moreover, it expressly applies to an agent in any such transaction. There is nothing in the Act which restricts the word 'agent' to a person acting for a seller, and in the light of the legislative purpose, it is reasonable to believe that no such limitation was intended."

Defendant Alfreda Randolph is guilty. Presentence investigation ordered.