**Henry H. DOBROSIELSKI, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Sept. 17, 1973.

Henry A. Wise, Jr., Booker, Green, Shaffer, Berl & Wise, Wilmington, for appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for appellee.

HERRMANN, Chief Justice, CAREY, Justice, and WRIGHT, Judge, sitting.

CAREY, Justice:

After a jury trial in Superior Court, Henry H. Dobrosielski was found guilty of possession of marijuana with intent to sell, in violation of 16 Del.C. § 4725, and possession of marijuana, in violation of 16 Del.C. § 4723. He seeks a reversal of this conviction.

There was evidence tending to show these facts: At approximately 2:30 a.m. on January 10, 1972, Patrolman Roy Marconi, Jr. of the Newport Police Department, and a police informant, Johnny Lamb, met co-defendants Joseph Wilkinson and Henry Dobrosielski at the Toddle House, located on Delaware Avenue in Wilmington. Lamb had arranged this meeting so that Patrolman Marconi could buy some marijuana from Wilkinson. Pursuant to Wilkinson's instructions, Marconi and Lamb followed Wilkinson and Dobrosielski to an apartment, into which Wilkinson invited Marconi and Lamb. After the four entered, Wilkinson discussed the details of the proposed sale with Lamb and Marconi. Apparently, Dobrosielski did not enter into the discussion, but remained in the kitchen area of the apartment. He did obtain a set of scales from the kitchen and place them upon the table where the contraband lay, and helped in opening the packages of marijuana.

While Wilkinson was weighing the marijuana, Officer Marconi identified himself and arrested both defendants, holding them at gunpoint while he called the Delaware State Police for assistance. Wilkinson became excited and turned and lunged at Marconi, who shot him in the abdomen, knocking him to the floor. Shortly thereafter, the State Police arrived and conducted a search of the apartment. In so doing they discovered two women sleeping in the bedrooms.

Appellant raises three questions in this appeal: (1) did the trial Court err in refusing to submit the question of entrapment to the jury? (2) did the trial Court err in denying appellant's motion for judgment of acquittal of possession with intent to sell? and (3) did the warrantless search of the apartment exceed the permissible scope of a search incident to arrest?

We answer the first two questions in the negative, and hold that, because no evidence obtained by the complained-of search was introduced at trial, the third question is of no significance to this case.

I

The appellant's argument that the trial Judge should have permitted the question of entrapment to go to the jury is not supported by the record, which shows *no* evidence of entrapment by the policeman or the informant.

The defense of entrapment does not apply to situations in which it is clear that an agent of the government merely afforded an opportunity for the defendant to commit a crime. Granville v. State, Del.Supr., 287 A.2d 652 (1972). The defense becomes available if there is evidence that the agent lured the defendant, otherwise innocent, into the commission of a crime. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). The question to be asked is: "With whom did the criminal design originate?" Unless there is some evidence which would al-

low the jury to answer, "The government agent," the jury need not entertain the question.

 The appellant argues that because the testimony shows that the informant, Lamb, "set up" the meeting and the ensuing transaction, the jury could have found that the appellant had been entrapped. We disagree. The mere fact that the informant arranged the meeting between the policeman and the appellant does not even suggest entrapment, and submission of the question to the jury would have been improper. It is not incumbent upon the Court to permit the jury to speculate upon a question unsupported by evidence. Johnson v. State, Del.Supr., 247 A.2d 211 (1968); Smith v. State, Del.Supr., 243 A. 2d 719 (1968).

Appellant argues that the evidence shows that he was not predisposed to commit the crimes charged. He contends that because he planned to engage in only this transaction, and had never before been involved in such a transaction, the jury could have found that he was not predisposed to commit the crimes with which he is charged. The reasoning of this argument escapes us. We believe, quite to the contrary, that the testimony clearly shows that the appellant was predisposed to commit these crimes. His plans concerning any other crimes, or the lack thereof, are irrelevant. Before the appellant is entitled to have the question of entrapment presented to the jury, he must make some showing that, but for the inducement of government agents, he would not have been disposed to commit the offense. He made no such showing in this case. The trial Judge properly refused to submit the issue of entrapment to the jury.

## II

There was no error in denying the appellant's motion for judgment of acquittal. Considered in the light most favorable to the State, see Edwards v. State, Del.

Supr., 285 A.2d 805 (1971), the evidence clearly was sufficient to allow the case to go to the jury. There was ample testimony of the appellant's participation in the sale of the drug. He accompanied Wilkinson to the apartment where the sale took place; he secured a set of scales with which to weigh the contraband and placed the scales upon the table; he placed the packages of marijuana on the table or the scale; and he and Wilkinson together opened the packages of marijuana. The jury's finding was justified.

## III

The search of which the appellant complains occurred after his arrest. The charges against the appellant did not arise out of any evidence found in that search, nor was anything obtained by that search introduced at trial as evidence against the appellant. The issue is moot.

The conviction is affirmed.