**318**

**Hugh MARVEL, Jr., Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 4, 1973.

Arlen B. Mekler, Asst. Public Defender, Wilmington, and Donald E. Pease, Asst. Public Defender, Wilmington, of counsel, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

PER CURIAM:

■ The single issue raised by defendant in this appeal from a conviction for the sale of narcotic drugs in violation of 16 Del.C. § 4725 concerns the refusal by the Trial Court to charge on entrapment. After considering the pertinent parts of the record, the briefs and the arguments of counsel, we have concluded that the decision of the Trial Court was correct. Dobrosielski v. State, Del.Supr., 311 A.2d 875 (decided Sept. 17, 1973); Granville v. State, Del.Supr., 287 A.2d 652 (1972). Defendant's reliance upon such cases as Sorrells v. United States, 287 U.S. 435, 53 S. Ct. 210, 77 L.Ed. 413 (1932), is misplaced because they included evidence of luring or positive pressure upon a defendant to commit a crime as to which he had no prior disposition. Here, defendant was merely given the opportunity to violate the law and that is not entrapment. Dobrosielski v. State, supra; Granville v. State, supra.

■ At oral argument the Deputy Attorney General informally requested the Court to review the form in which the charge on entrapment is usually given by the Superior Court. We agree that the form needs reviewing but that should be done by the Superior Court, or by this Court when the issue is properly before us. Here, the Trial Court did not charge on entrapment; accordingly, the form of charge is not before us on this appeal. Compare Johnson v. State, Del.Supr., 311 A.2d 873 (decided Oct. 4, 1973).

The judgment of the Superior Court is affirmed.