Paul HICKMAN, Jr. and Robert Williams
a/k/a Robert Comer, Defendants,
Appellants,

v.

STATE of Delaware, Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted June 5, 1980.

Resubmitted Oct. 14, 1980.

Decided * June 12, 1981.

* Decision following resubmission on the question of double jeopardy in sentencing was deferred until final decision in *Hunter v. State*, Del.Supr., 430 A.2d 476 (1981) and *Evans v. State*, Del.Supr., 430 A.2d 481 (1981) following their remand from the United States Supreme Court.

Jerome O. Herlihy of Herlihy & Herlihy, Wilmington, for defendant-appellant Hickman.

Samuel J. Frabizzio, Wilmington, for defendant-appellant Williams.

Joseph Patrick Hurley, Jr., Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM:

Robert Williams a/k/a Robert Comer was jointly indicted with Paul Hickman, Jr. on charges of murder one, possession of a deadly weapon during the commission of a felony, and conspiracy one for the death, on May 5, 1978, of Robert Schwander, another prisoner at Delaware Correctional Center. Immediately prior to the commencement of their second trial in June, 1979, an earlier trial having ended in a mistrial, the State nolle prossed the murder and weapons charges against Williams. Hickman was tried and convicted on all counts and received consecutive sentences of five years for the weapons offense, ten years for the conspiracy offense and life imprisonment without benefit of parole for the murder conviction. Williams was convicted solely of the conspiracy charge. The defendants raise joint and individual claims of error.

*First*, defendants contend they were denied the "requisite" number of peremptory challenges and thereby deprived of a fair trial. Each defendant requested 20 challenges. The Court allowed each defendant 15 challenges, or 30 in all. Superior Court Criminal Rule 24 clearly provides that multiple defendants in capital cases shall be "entitled to a total of 20 peremptory challenges," not 20 each; but that the Court "may allow" additional peremptory challenges where there is more than one defendant. Peremptory challenges exist as a matter of privilege, not right. *Shields v.*

*State*, Del.Supr., 374 A.2d 816 (1977). The Court complied with the mandatory requirements of the Rule and in its discretion allowed 10 more challenges. No abuse of discretion has been shown.

■ *Second*, defendants assert that the Trial Judge abused his discretion in conducting the *voir dire* examination by himself and in not permitting counsel to participate directly in the questioning of the jurors. Superior Court Criminal Rule 24(a) permits the Trial Court to conduct the *voir dire* without the direct participation of counsel. The Trial Court's broad discretion in conducting *voir dire* may be overturned only on a showing of abuse of discretion and resulting prejudice. *Hooks v. State*, Del.Supr., 416 A.2d 189 (1980). Here, the Trial Judge asked questions designed to elicit the jurors' biases and prejudices and counsel was not precluded from requesting the Court to ask follow-up questions, which counsel did, in several instances. A careful review of the record demonstrates that the Trial Judge conducted a proper *voir dire* examination which included appropriate follow-up questions for the purpose of securing jurors qualified and able to render an impartial verdict. *Young v. State*, Del. Supr., 407 A.2d 517 (1979). We find no abuse of discretion or prejudice in the Trial Judge's conduct of the *voir dire.*

■ *Third*, defendants contend they were deprived of a fair trial due to two instances of improper prosecutorial trial tactics. First, defendants assert they were unduly prejudiced and unfairly surprised by the admission at trial of oral testimony concerning a baseball bat found during investigation of the crime. Defendants contend that admission of the testimony at the second trial was error because the seizure of the bat had not been mentioned at the first trial; and the existence of the bat upon discovery of its importance was not timely disclosed to the defense. Defendants further argue that the bat was highly significant in connecting Williams to the crime and, thus, admission of testimony concerning it without prior disclosure to the defense was error.

We find that the Trial Judge committed no reversible error in excluding the bat as physical evidence while permitting oral testimony pertaining to it. The claim of unfair surprise is rebutted by oral testimony at the first trial concerning the bat as well as the State's offer of photographs showing the bat. Nor does the record disclose evidence of deliberate prosecutorial misconduct concerning the bat. The significance of the bat was not realized by the State until after the first trial; in preparing for the second trial, the State had not intended to offer the bat into evidence; and made the offer (later withdrawn) on redirect only for the purpose of refuting defendants' claim of a shoddy police investigation.

■ The second instance of claimed improper prosecutorial tactics concerned the State's questioning of the defense investigator. The questioning dealt with whether the investigator shared with the police the information he obtained from his investigation of the claim. Defendants contend that the line of questioning was knowingly improper and designed to create the false impression that the Department of Justice was an informational fount to the defense while the defense refused to reciprocate such information. We do not believe the prosecutor deliberately engaged in misconduct prejudicing the accused which would require reversal. *Sexton v. State*, Del. Supr., 397 A.2d 540 (1979). Any unfavorable impression created by the State through its questioning of the investigator was not prejudicial because the question was not answered, the objection was handled at side bar and the jury was instructed not to speculate about the answer. *Bennett v. State*, Del.Supr., 164 A.2d 442 (1960).

■ *Fourth*, defendants contend that the Trial Court improperly admitted evidence of a field test conducted on a knife found at the place of the murder because the test was not administered by a trained expert, was preliminary in nature and conflicted with the results obtained by a subsequent FBI analysis of the knife. The field test performed was a screening type test admin-

**1252**

istered to stained areas to detect the possible presence of blood. The results of the field test had probative value, were relevant and reliable, and, thus, were properly admitted.

■ *Fifth,* defendant Williams contends that the Court erred in denying his motion for judgment of acquittal of conspiracy one for insufficient evidence. Williams argues that because the State's autopsy testimony showed no evidence that the victim had sustained a head injury from a blunt instrument such as a bat and attributed death solely to knife wounds, the Court should have granted his motion for acquittal. Williams contends that such expert testimony completely refuted testimony of a supposed eyewitness that Williams had struck the victim in the head with a bat while Hickman had stabbed the victim. Viewing all the evidence of record in a light most favorable to the State, including all reasonable inferences, and the conflicting testimony as to the bat, the evidence was sufficient for the charge of conspiracy to go to the jury. *Dobrosielski v. State,* Del.Supr., 311 A.2d 875 (1973); *Edwards v. State,* Del.Supr., 285 A.2d 805 (1971).

■ *Lastly,* defendant Hickman contends that the Trial Court unconstitutionally subjected him to double punishment for the same offense in imposing consecutive sentences for the weapons and murder one offenses. *Hunter v. State,* Del.Supr., 420 A.2d 119 (1980) and *Evans v. State,* Del. Supr., 420 A.2d 1186 (1980). Under this Court's most recent pronouncements in those cases, after their remand from the United States Supreme Court, the argument is without merit, *Hunter v. State,* Del.Supr., 430 A.2d 476 (1981); *Evans v. State,* Del.Supr., 430 A.2d 481 (1981).

Affirmed as to defendant Williams/Comer and affirmed as to defendant Hickman.