## IV.

 \* \* \* \* \* \*

REVERSED.

Edmund M. Hillis, Asst. Public Defender, Wilmington, for defendant below, appellant.

Robert H. Richter, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, McNEILLY and HORSEY, Justices.

HERRMANN, Chief Justice:

Having failed under the Federal Double Jeopardy Clause to avoid multiple sentences for Manslaughter, Assault in the Second Degree, and the Possession of a Deadly Weapon During the Commission of those Felonies, *Evans v. State*, Del.Supr., 430 A.2d 481 (1981),[1] the defendant, Walter Evans, now seeks reversal of such sentences under the Double Jeopardy Clause of the Delaware Constitution, Art. I, § 8.[2] He asserts, collaterally, that in any event, he is entitled to credit for time served upon the sentences imposed for the same offenses at an earlier date.

**Walter EVANS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted April 13, 1982.

Decided April 27, 1982.

1. See the cited case for the texts of the criminal Statutes involved.

2. Art. I § 8 provides in pertinent part:

"... no person shall be for the same offense twice put in jeopardy of life or limb; ..."

## I.

The defendant originally received separate and consecutive sentences for each of the said offenses. Upon appeal therefrom, following its decision in *Hunter v. State*, (*Hunter I*), Del.Supr., 420 A.2d 119 (1980), this Court held that by reason of such multiple sentences, the defendant was subjected to violations of his constitutional guaranties against double jeopardy under the Fifth Amendment. *Evans v. State*, (*Evans I*) Del.Supr., 420 A.2d 1186 (1980).

A brief statement here of the history of *Evans I* is appropriate: The State filed petitions for writs of certiorari in the United States Supreme Court seeking review of both *Hunter I* and *Evans I*. The petitions for certiorari were granted; the judgments of this Court were vacated and remanded "for further consideration in light of *Albernaz v. U. S.*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)." [3] *Delaware v. Hunter*, 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981); *Delaware v. Evans*, 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981).

On that remand and in light of *Albernaz*, this Court reconsidered its holdings in *Hunter I* and *Evans I*, reversed those decisions, and ordered the defendants resentenced. *Hunter v. State*, (*Hunter II*) Del. Supr., 430 A.2d 476 (1981); *Evans v. State*, (*Evans II*) Del.Supr., 430 A.2d 481 (1981). The thrust of *Hunter II* and *Evans II*, in accord with this Court's interpretation of *Albernaz*, was that when the General Assembly intended to impose separate sentences for factually indivisible statutory offenses, "the imposition of multiple sentences upon the defendant for the two offenses ... does not violate the Double Jeopardy Clause of the Fifth Amendment," *Hunter v. State, supra*, 430 A.2d at 481.

## II.

Having lost on the Federal Fifth Amendment issue, the defendant now returns to the fray and seeks to have his multiple sentences reversed under the State Double Jeopardy Clause.

This question has been touched upon but has not been previously decided by this Court. In *Hunter I*, we noted the similarity between Delaware's Double Jeopardy Clause and the Double Jeopardy Clause of the Fifth Amendment. We there noted: "We have little helpful case law under the State Constitutional provision, see e.g., *State v. Turner*, Del.Supr., 3 Storey 305, 168 A.2d 539 (1961); *State v. Hamilton*, Del.Super., 318 A.2d 624 (1974)," 420 A.2d at 124; and "Certainly Art. I, § 8 of the Delaware Constitution * * * would have application in cumulative punishment cases such as this. Because of the construction we have placed on the federal constitutional provisions, however, we need not decide the scope of these provisions at this time." 420 A.2d at 130, n. 6. It is also noteworthy that as to the applicability of the State Double Jeopardy Clause to multiple prosecution for offenses, this Court has said: "[W]e have been unable to perceive any substantial divergence between the Federal double jeopardy standard and the standards applied by this State with respect to the problem of multiple prosecution for offenses arising out of the same criminal act." *State v. Heitter*, Del.Supr., 203 A.2d 69, 71 (1964).

Whatever the outcome of this case may have been if decided initially under the State constitutional provision, we ultimately decided this case in *Evans II* upon the basis of the Federal Double Jeopardy Clause as construed in *Albernaz*. We decline to detour now and take an alternate route to our *Evans I* position by adopting a conflicting construction of the State Double Jeopardy Clause. Compare *State v. Heitter, supra*. Unless and until the United States Supreme Court speaks again on the subject, the validity of multiple sentences in a case like this is now settled in this State by this Court's decisions in *Hunter II* and *Evans II*. See e.g., *Hickman v. State*, Del.Supr., 431 A.2d 1249 (1981); *Young v. State*, Del.Supr., 431 A.2d 1252 (1981); *Hall v. State*, Del.Supr., 431 A.2d 1258 (1981); *Martin v. State*, Del.Supr., 433 A.2d 1025 (1981).

**3.** *Albernaz* came down after *Hunter I* and *Evans I*.

### III.

The defendant's collateral argument is that under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), he is entitled to credit for time served for the same offenses. Specifically, he was sentenced after his trial for his various convictions. Then, after this Court's decision in *Evans I*, the case was remanded to the Trial Court for resentencing consistent with that opinion. Resentencing was stayed by directive of this Court pending the State's appeal to the United States Supreme Court. After this Court's decision in *Evans II*, the defendant was sentenced for a second time. Evans argues that in resentencing him, the Trial Court should have given him credit for time served up to that point.

The record made by the Trial Court at the resentencing hearing is not clear regarding consideration of time served. Accordingly, we remand the cause to the Trial Court for clarification of the record in that respect, and reserve jurisdiction as to that issue, pending such clarification.

\*   \*   \*

Affirmed in part and remanded in part for action consistent herewith.