**In re 1982 HONDA, DELAWARE REGISTRATION NO. 83466, $7,200.00 U.S. Currency and $4,322.00 U.S. Currency.**

No. 249, 1995.

Supreme Court of Delaware.

Submitted: Jan. 3, 1996.

Stayed: Jan. 26, 1996.

Resubmitted: July 22, 1996.

Decided: Aug. 19, 1996.

Andrew G. Ahern III of Joseph W. Benson, P.A., Wilmington, for Appellant Carlos Lara.

Stuart E. Sklut, Deputy Attorney General, Department of Justice, Wilmington, for Appellee State of Delaware.

Before VEASEY, C.J., WALSH and BERGER, JJ.

VEASEY, Chief Justice:

The Superior Court has certified questions of law to this Court pursuant to Supreme Court Rule 41. These questions pertain to the constitutionality of Delaware's civil forfei-

ture statute, 16 *Del.C.* § 4784, which is modeled closely after its federal counterpart, 21 *U.S.C.* § 881(a). *Matter of One 1987 Toyota,* Del.Super., 621 A.2d 796, 798 (1992). Because of the similarity in the Delaware and federal forfeiture statutes, the Court answers these questions in light of a recent decision of the United States Supreme Court interpreting 21 *U.S.C.* § 881(a). *United States v. Ursery,* — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

We hold that civil *in rem* forfeitures are not criminal in nature and do not constitute punishment. Accordingly, the institution of civil forfeiture proceedings, either prior to or subsequent to the prosecution of criminal proceedings involving the same party and the same subject matter, implicates neither the Double Jeopardy Clause of the United States Constitution nor the comparable protection afforded by Article I, section 8, of the Delaware Constitution. We further hold that the Delaware forfeiture statute, like its federal counterpart, does implicate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. We decline, however, to answer the remaining questions certified by the Superior Court.

### The Facts

The following facts are undisputed and have been stipulated to by the parties for purposes of the Certificate of Questions of Law:

(1) As a result of an undercover operation by the Delaware State Police, Special Investigation Unit, conducted during the month of May, 1993, Carlos Lara was arrested on Friday, May 14, 1993, and charged with Trafficking in Cocaine, Possession with Intent to Deliver Cocaine (2 Counts), Maintaining a Dwelling/Vehicle for Keeping Controlled Substances, and Delivery of Cocaine. On July 6, 1993, Mr. Lara was indicted on the same charges.

(2) Mr. Lara's arrest on May 14, 1993, resulted directly from an electronically monitored telephone conversation between Mr. Lara and his co-defendant, Nathaniel Chamorro. Expecting a delivery of cocaine to be made by Mr. Lara, the investigators set up surveillance at Mr. Cha-

morro's residence and observed Mr. Lara enter, stay for a short period of time, and leave.

(3) Mr. Lara was stopped by one of the investigators, Cpl. Asion of the Delaware State Police, a short time later for exceeding the speed limit. Mr. Lara was driving a 1982 Honda, Delaware Registration No. 83466. Mr. Lara was found to have $7,200.00 ... concealed down the front of his pants. Based further upon ... statements from Mr. Lara and his wife, a passenger in the vehicle, which Cpl. Asion believed to be conflicting, the officer requested, and received, Mr. Lara's consent to search the vehicle. Due to impending darkness, the vehicle was towed to Delaware State Police Troop 6 to conduct the search.

(4) Mr. Lara was also taken to Troop 6, given his Miranda rights, and questioned about his knowledge of drug activities. According to Cpl. Asion, Mr. Lara admitted selling cocaine to Nathaniel Chamorro that same day and receiving the $7,200.00 ... as payment. The officer further stated that Mr. Lara said that he had two grams of cocaine at his residence, named his cocaine supplier, and described a meeting with the supplier. Mr. Lara denies that he made those statements.

(5) A search warrant was obtained and executed at Mr. Lara's residence that same day. Officers of the Delaware State Police seized $4,322 ..., the Delaware title to the 1982 Honda, a clear plastic bag containing one gram of cocaine, a piece of aluminum foil containing 2.5 grams of cocaine, numerous plastic bags and a digital scale.

(6) A search warrant was executed on co-defendant Nathaniel Chamorro's residence after Carlos Lara was stopped by police on May 14, 1993. Police found approximately 114 grams of cocaine in Chamorro's residence.

(7) On April 14, 1994, Carlos Lara [pleaded] guilty to Trafficking in Cocaine (5–50 grams) in violation of 16 Del.C. Section 4753(a)(2)(a) and [Delivery] of Cocaine in violation of 16 Del.C. Section 4752. Mr. Lara was sentenced on that same date.

On August 19, 1993, prior to entering his plea of guilty, Lara filed a petition seeking return of the vehicle and the currency. The petition indicates that Lara is the sole owner of the property. The record reveals that Lara's April 14, 1994 plea agreement did not include any agreement to forfeit the subject property.

On June 24, 1994, the State moved for summary judgment on Lara's petition. After a postponement to afford Lara time to consult with counsel, the State renewed its summary judgment motion on January 3, 1995. Lara raised several objections to the forfeiture at that time, but has since withdrawn all objections except for the issues raised in the Certificate. Lara now challenges the forfeiture of the property as a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and the Double Jeopardy Clause of Article I, Section 8, of the Delaware Constitution.

### Questions Certified

In order to eliminate any uncertainty in the law pertaining to Lara's petition, the Superior Court certified the following questions to this Court:

(1) Does 16 Del.C. § 4784 implicate the Fifth and/or Eighth Amendments to the Constitution of the United States?

(2) Does 16 Del.C. § 4784 implicate Section 7 and/or 8 of Article I of the Constitution of the State of Delaware?

(3) Are there circumstances under which 16 Del.C. § 4784 may be constitutionally applied? If so, under what circumstances?

(4) Are there circumstances under which 16 Del.C. § 4784 cannot be constitutionally applied? If so, under what circumstances?

(5) If an individual has been the subject of a proceeding under 16 Del.C. § 4784 may he or she be subjected to criminal prosecution in a later, separate proceeding?

(6) If an individual has been subjected to criminal prosecution, may he or she be subjected to a proceeding under 16 Del.C. § 4784 in a later, separate proceeding?

## Procedural History

This matter was briefed and oral argument was held on January 3, 1996. Thereafter, on January 12, 1996, the United States Supreme Court granted writs of *certiorari* in two cases involving 21 *U.S.C.* § 881(a). These cases implicated issues substantially similar to those raised in the certified questions of law. *See United States v. Ursery*, 6th Cir., 59 F.3d 568 (1995), *cert. granted,* — U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 *rev'd,* — U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); *United States v. $405,-089.23 U.S. Currency*, 9th Cir., 33 F.3d 1210 (1994), *cert. granted sub nom, United States v. Ursery,* — U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 *rev'd,* — U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

On January 26, 1996, this Court stayed the proceedings with respect to the Certification of Questions of Law pending the decision of the United States Supreme Court in the two above-referenced cases. *In re 1982 Honda,* Del.Supr., 681 A.2d 1035 (1996) (ORDER). The United States Supreme Court issued an opinion in these cases on June 24, 1996. *United States v. Ursery,* — U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Supplemental briefing was completed on July 22, 1996 addressing the impact of the *Ursery* decision on the questions presented. The Court now answers the certified questions in light of the briefs of the parties, their contentions at oral argument and the United States Supreme Court's decision in *Ursery.*

## Double Jeopardy Protection

■ In *Ursery*, the United States Supreme Court held that *in rem* civil forfeitures accomplished pursuant to 21 *U.S.C.* § 881(a), either before or after a criminal prosecution for the same offense, do not implicate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Court reasoned that such forfeitures "are neither 'punishment' nor crimi-

nal for purposes of the Double Jeopardy Clause." *Id.* at ——, 116 S.Ct. at 2149. Since the Delaware civil forfeiture statute, 16 *Del.C.* § 4784, is virtually identical to its federal counterpart, it is clear that civil forfeitures under the Delaware statute are subject to the same analysis. We therefore hold that forfeitures accomplished pursuant to 16 *Del.C.* § 4784 are not criminal in nature and do not constitute punishment. Accordingly, section 4784 forfeitures do not implicate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The Double Jeopardy Clause of the Delaware Constitution, Article I, section 8, provides that "no person shall be for the same offense twice put in jeopardy of life or limb." Although the protections afforded by Article I, section 8, are not necessarily identical to those prescribed by the Double Jeopardy Clause of the Fifth Amendment, the "language of the Delaware Constitution parallels the federal provision." *White v. State,* Del. Supr., 576 A.2d 1322, 1324 n. 3 (1990).* Since the two clauses contain "substantially identical language," they should be interpreted consistently. *State v. Heitter,* Del.Supr., 203 A.2d 69, 71 (1964).

Nevertheless, the petitioner contends that, in construing the Delaware Constitution, this Court should adopt the analysis employed by the United States Courts of Appeals for the Sixth and Ninth Circuits, which analyses were rejected by the United States Supreme Court. *See United States v. Ursery,* 6th Cir., 59 F.3d 568 (1995); *United States v. $405,089.23 U.S. Currency,* 9th Cir., 33 F.3d 1210 (1994). In light of the similar scope and purpose of the Delaware and federal constitutional proscriptions against double jeopardy, however, we reject the categorical approach adopted by the Sixth and Ninth Circuits. Instead, we follow the holding of the United States Supreme Court in *Ursery,* and hold that *in rem* civil forfeitures are not criminal in nature, nor do the remedies provided in such proceedings constitute punishment as contemplated by Article I, section 8,

---

* *See also State v. Cook,* Del.Supr., 600 A.2d 352, 354 n. 3 (1991) ("The double jeopardy language of the Delaware Constitution is similar to the federal provision."); *Evans v. State,* Del.Supr., 445 A.2d 932, 933 (1982) (noting similarity in

federal and Delaware provisions). As in *White, Cook* and *Evans,* we expressly decline to decide whether the protection afforded by Article I, section 8, is identical in all respects to that provided by the federal Double Jeopardy Clause.

of the Delaware Constitution. Accordingly, the constitutional mandate that "no person shall be for the same offense twice put in jeopardy of life or limb" is not offended where an individual is subjected to both criminal prosecution and civil *in rem* forfeiture. Moreover, the chronological order of the proceedings has no bearing on their constitutionality.

We decline to address the applicability of Article I, section 7, to *in rem* civil forfeitures accomplished pursuant to 16 *Del.C.* § 4784. Article I, section 7, provides, *inter alia*, that a person shall not "be deprived of life, liberty or property, unless by the judgment of his peers or by the law of the land." This provision has been interpreted to require "due process of law" in the same manner contemplated by the United States Constitution. *Opinion of the Justices,* Del.Supr., 246 A.2d 90, 92 (1968). Since the questions *sub judice* may be answered on the basis of more specific provisions of the Delaware and United States Constitutions, it would be improvident and unnecessary to address the applicability of Article I, section 7, at this time. *See United States v. Anderson,* Del.Supr., 669 A.2d 73, 78–79 (1995).

### The Excessive Fines Clause

In *Ursery,* the United States Supreme Court reaffirmed its recent holding in *Austin v. United States,* 509 U.S. 602, 621–23, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993), that civil forfeitures are subject to the Excessive Fines Clause of the United States Constitution. *Ursery,* —— U.S. at ———, ——, 116 S.Ct. at 2143–44, 2146. As noted above, the Delaware civil forfeiture statute is modeled closely after its federal counterpart. Thus, it is clear that civil forfeitures imposed pursuant to Delaware law are subject to the constraints of the Excessive Fines Clause of the Eighth Amendment. In reviewing such forfeitures, we are therefore bound to apply the analysis employed by the United States Supreme Court in *Austin* and reaffirmed in *Ursery. Austin,* 509 U.S. at 617–23, 113 S.Ct. at 2810–12. Accordingly, a forfeiture will be deemed excessive where the deprivation of property in question is clearly disproportionate to the conduct which occasions its imposition. *Ursery,* —— U.S. at ———, 116 S.Ct. at 2146.

### Certified Questions (3) and (4)

We decline to answer certified questions (3) and (4). An *ex ante* determination of when 16 *Del.C.* § 4784 may or may not be applied constitutionally is inappropriate until a specific case has been presented to the Court for determination. These questions would require the Court to speculate about matters which have not yet and may never arise. *See Paramount Communications Inc. v. QVC Network Inc.,* Del.Supr., 637 A.2d 34, 43 n. 13 (1994). Moreover, resolution of these questions is unnecessary for the trial court to reach a decision in the case at bar. *See Anderson,* Del.Supr., 669 A.2d at 78–79.

### Conclusion

We hold that the imposition of *in rem* civil forfeiture pursuant to 16 *Del.C.* § 4784, either prior to or subsequent to a criminal proceeding involving the same party and the same subject matter, does not offend the proscriptions against Double Jeopardy contained in the Delaware and United States Constitutions. We further hold that such forfeitures are subject to the Excessive Fines Clause of the federal constitution. We decline, however, to answer the remaining questions certified by the Superior Court.