IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRELL H. OLIVER, | § | |
| | § | No. 586, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1007013509A |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 6, 2014
Decided: January 14, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

**O R D E R**

This 14th day of January 2015, it appears to the Court that:

(1) The appellant, Tyrell H. Oliver, has filed an appeal from his sentencing in the Superior Court for a violation of probation ("VOP"). The appellee, State of Delaware, has filed a motion to affirm on the ground that it is manifest on the face of Oliver's opening brief that the appeal is without merit.[1] Upon careful consideration of the parties' positions on appeal and having reviewed the record, we agree with the State's position and affirm the Superior Court judgment.

---

[1] Del. Supr. Ct. R. 25(a).

(2) The record reflects that Oliver was sentenced in March 2011 on several drug and drug-related charges, including Possession with Intent to Deliver a Schedule II Narcotic ("PWITD") and Maintaining a Vehicle for Keeping Controlled Substances. In February 2013, on direct appeal, this Court reversed Oliver's convictions and remanded the case to the Superior Court for further proceedings.[2]

(3) On September 16, 2013, Oliver pled guilty to PWITD and Maintaining a Vehicle for Keeping Controlled Substances. The Superior Court sentenced Oliver to a total of thirteen years at Level V with credit for three years and four days of time served, suspended after four years for eighteen months at Level II probation.

(4) According to a Department of Correction "Level 5 Time Served Report" attached to the State's motion to affirm, Oliver was released from Level V on February 17, 2014. Also, the report reflects that, following his arrest in Maryland on July 11, 2014, Oliver was extradited to Delaware and committed to the Department of Correction on July 23, 2014.

(5) On September 15, 2014, Oliver was charged with VOP. At a hearing on October 2, 2014, the Superior Court found Oliver guilty and

---

[2] *Oliver v. State*, 60 A.3d 1093 (Del. 2013).

resentenced him to a total of nine years at Level V suspended after six months for eighteen months at Level III probation.

(6) Oliver has appealed the VOP sentence. On appeal, Oliver contends that, at the time of his arrest on July 11, 2014, he was on conditional release, not probation, and that as a consequence for violating the terms of the conditional release, the Board of Parole revoked the release on September 15, 2014.[3]

(7) Oliver claims that the October 2, 2014 VOP sentence is illegal because the Superior Court was without authority to sentence him for a VOP when he was on conditional release on July 11, 2014, the date of the alleged violation of supervision. Also, Oliver claims that the VOP sentence subjected him to double jeopardy because the Board of Parole had already punished him for the violation of supervision when it revoked his conditional release on September 15, 2014.[4]

---

[3] Conditional release is the early release of an inmate from incarceration to the community by reason of the reduction of the term of incarceration through the inmate's earned good time credits. Probation is the suspension of all or part of a prison sentence for a decreased level of supervision. *See* 11 *Del. C.* § 4302(4), (14) (Supp. 2014) (defining conditional release and probation).

[4] The Double Jeopardy Clauses of the United States and the Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecutions for the same offense. U.S. Const. amend. V; Del. Const. art. I, § 8. *Evans v. State*, 445 A.2d 932, 933 (Del. 1982).

(8)     Oliver's claims are without merit.  For starters, conditional release and probation are served concurrently.[5]  Moreover, an offender's probation may be revoked "at any time," even before the offender begins serving it.[6]  When adjudicating an alleged VOP, it makes no difference if an offender was on conditional release at the time of the alleged violation of supervision.[7]  If the Superior Court determines that the offender violated the conditions of probation, it has the authority to revoke the offender's unexecuted probation and impose sentence.[8]  Finally, "double jeopardy is not implicated when an alleged violation of supervision triggers revocations of both conditional release and probation."[9]

(9)     When revoking an offender's probation, the Superior Court has the authority to resentence the offender to any period of incarceration up to and including the balance of incarceration remaining from a previous iteration of the sentence.[10]  In this case, the Superior Court found Oliver

---

[5] 11 *Del. C.* § 4383(c).

[6] 11 *Del. C.* § 4333(a); *Williams v. State*, 560 A.2d 1012, 1013 (Del. 1989).

[7] *Cannon v. State*, 2012 WL 1970102 (Del. June 1, 2012) (citing 11 *Del. C.* §§ 4333(a), 4352)).

[8] *See supra* note 5.

[9] *Brinkley v. State*, 2011 WL 664238, at *1 (Del. Feb. 23, 2011) (citing *State v. Dorsey*, 1995 WL 852118 (Del. Super. Nov. 1, 1995), *aff'd*, 1996 WL 265992 (Del. Supr. May 13, 1996)).

[10] 11 *Del. C.* § 4334(c).  *Cf. Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005) (reversing and remanding for resentencing when the court on a second VOP imposed a Level V

guilty of VOP and resentenced him, on October 2, 2014, to a total of nine years at Level V suspended after six months for eighteen months at Level III probation. The Department of Correction "Level V Time Served Report" attached to the State's motion to affirm confirms that the October 2, 2014 VOP sentence properly gave Oliver credit for 72 days of time served, and that nine years at Level V did not exceed the Level V time remaining from Oliver's original sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

sentence in excess of the remaining Level V time, which the court had reduced when sentencing the defendant on the first VOP).