IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRELL TWYMAN, | § | |
| | § | |
| Petitioner Below, | § | No. 525, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| REBECCA MCBRIDE and | § | C.A. No. N19M-09-120 |
| DEPARTMENT OF | § | |
| CORRECTION, | § | |
| | § | |
| Respondents Below, | § | |
| Appellees. | § | |

Submitted: April 6, 2020
Decided: June 4, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Terrell Twyman, filed this appeal from the Superior Court's dismissal of his petition for a writ of mandamus. The respondents, Rebecca McBride and the Department of Correction ("DOC"), filed a motion to affirm the judgment below on the ground that it is manifest on the face of Twyman's opening brief that his appeal is without merit. We agree and affirm.

(2)     In September 2001, Twyman pled guilty to second-degree murder and possession of a firearm during the commission of a felony ("PFDCF") in Criminal

ID No. 0006003916. The Superior Court sentenced Twyman, effective September 3, 2000, to thirty years of Level V incarceration, suspended after twenty-two years for decreasing levels of supervision.

(3) In August 2011, Twyman pled guilty to promoting prison contraband in Criminal ID No. 1104006022. The Superior Court sentenced Twyman to ninety days of Level V incarceration. Under 11 *Del. C.* § 4382(a), any person who is convicted of a crime during the term of a Level IV or Level V sentence forfeits "all good time accumulated to the date of the criminal act."

(4) On September 12, 2019, Twyman filed a petition for a writ of mandamus in the Superior Court. He sought restoration of the statutory and meritorious good time he forfeited as a result of his prison contraband conviction. The Superior Court dismissed the petition, finding that Twyman failed to show a basis for issuance of a writ of mandamus. This appeal followed.

(5) "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[1] In his opening brief, Twyman argues that he established a clear legal right to restoration of his good time because: (i) § 4382(b) allows DOC to suspend the forfeiture of good time; and (ii)

---

[1] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

2

the forfeiture of his good time violates the Double Jeopardy Clause. These arguments are without merit.

(6) "Good time does not exist as a matter of constitutional right," but is allowed "strictly [as] a matter of statute."[2] In relying upon § 4382(b), which allows DOC to suspend the forfeiture of good time for those who violate DOC rules,[3] Twyman ignores his prison contraband conviction and § 4382(a). Under § 4382(a), "[a]ny person subject to the custody of the Department at Level IV or V shall, upon the conviction of any crime during the term of the sentence, forfeit all good time accumulated to the date of the criminal act; this forfeiture is not subject to suspension." Thus, upon his conviction for promoting prison contraband while in Level V custody, Twyman forfeited all of the good time he had accumulated up to the date of his criminal act (March 28, 2011), and DOC could not suspend that forfeiture of good time.[4] Twyman therefore cannot show a clear legal right to restoration of his good time under § 4382.[5]

---

[2] *Snyder v. Andrews*, 708 A.2d 237, 242 (Del. 1998).

[3] 11 *Del. C.* § 4382(b) ("Any person subject to the custody of the Department of Correction at Level IV or V who is determined to have violated the rules of the Department of Correction shall under the rules and procedures of the Department forfeit all or part of the good time accrued to the date of such offense. Forfeiture under this subsection may be suspended by the Department for the purposes of encouraging rehabilitation or compliance with discipline.").

[4] According to DOC's calculations, Twyman remains eligible for 423 statutory good time days since March 28, 2011. He has also earned an additional 248 meritorious good time days since March 28, 2011.

[5] Even if § 4382(b) did apply here, it would not justify mandamus relief because it allows, but does not require, DOC to suspend the forfeiture of good time. A writ of mandamus will not issue to compel a discretionary act. *See, e.g., Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1975) (recognizing that mandamus cannot issue to compel a discretionary

(7)     Nor can he show a clear legal right to restoration of his forfeited good time under the Double Jeopardy Clause. The Double Jeopardy Clauses of the United States and Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecution for the same offense.[6] Twyman's forfeiture of good time credits accumulated toward his 2001 convictions and sentences as a result of his 2011 conviction will require him to serve time that was originally imposed as part of his 2001 convictions. This is similar to when conduct leading to a conviction and sentence on a new criminal charge also forms the basis for a violation of probation ("VOP") finding and sentence. In those circumstances, this Court has held that the Double Jeopardy Clause is not implicated.[7] Similarly, this Court has held that the Double Jeopardy Clause does not bar the revocation of conditional release and probation based on the same violation of supervision or criminal prosecution for conduct that was also the subject of prison disciplinary action.[8] We also conclude that the Double Jeopardy Clause is not implicated in the

---

act); *Israel v. Coupe*, 2015 WL 3717872, at *1 (Del. June 11, 2015) (affirming the Superior Court's dismissal of mandamus action where the petitioner failed to show that DOC had a non-discretionary duty to assign inmates certain work classifications).

[6] U.S. Const. amend V; Del. Const. art. I, § 8; *Evans v. State*, 445 A.2d 932, 933 (Del. 1982).

[7] *See, e.g., Biddle v. State*, 2017 WL 1376412, at *2 (Del. Apr. 12, 2017) (recognizing that the Double Jeopardy Clause "is not implicated when conduct that led to a conviction and sentence on new criminal charges also formed the basis for a VOP finding of guilt and VOP sentence"); *Dornan v. State*, 2001 WL 233655, at *2 (Del. Mar. 6, 2001) (holding that double jeopardy was not implicated where the defendant's failure to return to work release center served as basis for VOP and new conviction).

[8] *See, e.g., Brinkley v. State*, 2011 WL 664238, at *1 (Del. Feb. 23, 2011) ("Double jeopardy is not implicated when an alleged violation of supervision triggers revocations of both conditional release and probation."); *Fullman v. State*, 1989 WL 27739, at *3 (Del. Feb. 22, 1989) (rejecting

4

forfeiture of good time here.  The Superior Court did not err in dismissing Twyman's petition for a writ of mandamus.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

argument that the Double Jeopardy Clause prohibited "subsequent criminal prosecution for conduct which has already been subject to disciplinary action by prison officials").