Michael Jerome **VINCENT**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

July 10, 1969.

Michael F. Tucker, Asst. Public Defender, Wilmington, for appellant.

William M. Chasanov, Deputy Atty. Gen., Georgetown, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from convictions of rape and burglary in the first degree. Briefly, the facts, established by the State's evidence, were that the victim awoke about 2:30 a. m. and discovered that her husband had not returned home. She arose and was sitting in the living room smoking a cigarctte, waiting for him, when the appellant, Michael Jerome Vincent, entered through the back door and began to choke her. She tried to burn his back with her cigarette and to kick and scratch him. Vincent ultimately had sexual intercourse with her. She then lost consciousness and came to to see her husband bending over her.

The victim was bruised and scratched about the face, neck and shoulders. She was taken to the hospital and the examining doctor found living sperm in the birth canal. Her husband testified that on his return home he found his wife lying on the floor and gasping for breath.

Later in the day in question, Vincent was arrested for the unauthorized use of a motor vehicle and was taken to the local police station. At the station was the State Police detective assigned to investigate the rape. He noticed scratch marks on Vincent's face and neck and asked him to remove his shirt, and then saw more scratch marks on his back. The victim later identified Vincent from a photograph and at the trial.

Vincent testified that he had, in fact, had sexual intercourse with the victim, but that it was with her consent. He explained the scratches on his body as a result of a poison ivy infection which he had been scratching.

On the foregoing facts the jury convicted on both charges without a recommendation of mercy. The defendant was ultimately sentenced to the minimum of twenty-five years for first degree burglary, and to the mandatory sentence of life imprisonment for rape. He now appeals.

Counsel who represented Vincent at his trial was permitted to withdraw after criticism directed at him by Vincent. For the purpose of appeal, an Assistant Public Defender appeared for him. He found, after reviewing the record, no meritorious ground on which to base an appeal. However, at Vincent's request, he put into the form of a brief the grounds upon which Vincent wished to base his appeal. We had Vincent brought personally before us at the argument and permitted him to make an oral statement in support of his appeal. In addition, the Assistant Public Defender was present and made an oral presentation of the reasons urged by Vincent for reversal.

■ First, Vincent argues that the trial judge committed error in permitting testimony concerning the scratch marks observed on his body. At the trial, no objection was made to this testimony, but we pass by the failure to object.

The objected-to evidence was testimony by the police officer as to the scratches and a photograph of Vincent which showed the scratches. Vincent objects that the scratch marks were never connected as having been inflicted by the victim. However, she testified that she tried to scratch him and he admitted the fact of sexual intercourse. This sufficiently connects the scratches on Vincent's body with the commission of the crime.

■ Nor was Vincent's constitutional right against self-incrimination violated by the admission of this evidence, for that right extends only to the prohibition of physical or moral compulsion to extort communications from him. Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021.

■ Next, Vincent argues that it was error to permit the testimony of the victim's husband as to the marks on his wife's body when he found her lying on the floor.

We think the testimony clearly admissible as corroboration of the victim's testimony as to the struggle she went through. At most, the only question concerning this testimony was the weight to be attached to it and the credibility of the witness. Clearly, the jury resolved this possible question against Vincent.

■ Vincent contends that it was error to admit into evidence the photograph from which the victim identified him. Actually, the victim was shown the photographs of twenty-five men from which she picked Vincent's as the man who raped her. It is true that Vincent's photograph was taken of him without a shirt, but we see nothing improper *per se* in this. We think there was nothing to suggest to the victim that she select the photograph of Vincent. This being so, the required standards of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, were met.

■ Vincent argues that his constitutional rights were violated when the police told him to remove his shirt without having advised him of his constitutional right not to make any statement. The defect in

the argument is that, at the time, Vincent was under lawful arrest, which authorized the police to search his person. Commonwealth v. Aljoe, 420 Pa. 198, 216 A.2d 50.

■ It is also contended by Vincent that his scratches were the result of poison ivy for which he was being treated by a physician; that his attorney failed to subpoena the physician upon his request. Upon inquiry made at our request, the physician stated that he had no record or recollection of treating Vincent. We conclude, therefore, that, assuming the accuracy of Vincent's representations, the appearance of the physician as a witness would have had no effect on the outcome of the trial.

■ Finally, Vincent argues that he was placed in double jeopardy when he was tried for first degree burglary and for rape in violation of Article I, § 8 of the Delaware Constitution, Del.C.Ann. and of the Fifth Amendment of the Federal Constitution. We think to the contrary, however.

State v. Norris, 6 Terry 333, 73 A.2d 790, a decision of the former Court of General Sessions, approved by this Court in State v. Heitter, Del., 203 A.2d 69, 9 A.L.R.3rd 195, is dispositive of the matter. In the Norris case, it was held that the prohibition against double jeopardy is not against multiple prosecution of the same criminal act constituting two or more separate criminal offenses, but is solely against multiple prosecution of the same criminal offense.

The crime of rape is the carnal knowledge of a woman by force and against her will. First degree burglary is, by 11 Del.C. § 392, the breaking and entering in the nighttime into the dwelling of another with intent to commit murder or rape, whether or not the intent is executed. To define the crimes is to demonstrate that they are two separate and distinct criminal offenses. The prosecution of one is, therefore, not barred by the prosecution of the other. In fact, these two offenses do not arise out of the same criminal act, for the burglary was completed upon the breaking and entering

with the required intent, and the rape took place thereafter.

We find no merit in any of Vincent's contentions. The judgment below is affirmed.