STATE of Delaware, Plaintiff,

v.

Robert F. HAMILTON, Defendant.

Superior Court of Delaware,
New Castle.

April 2, 1974.

William E. Wright, Deputy Atty. Gen., Dept. of Justice, Wilmington, for plaintiff.

James A. Erisman, Conner, Daley & Erisman, Wilmington, for defendant.

## OPINION

BUSH, Judge.

This is the Court's decision on defendant's motion to dismiss an indictment for reasons of double jeopardy. The pertinent facts are as follows:

On January 4, 1973, the defendant, Robert F. Hamilton, allegedly broke into the house of one Judith Young and dragged Miss Young from the house into the street and beat her severely. The defendant was arrested shortly thereafter by Wilmington police officers and charged with burglary in the second degree and assault and battery upon Miss Young. On March 22, 1973, the defendant was found guilty of the assault and battery charge in Municipal Court and sentenced to ninety days imprisonment. The burglary charge, however, was bound over for Superior Court action and, on June 14, 1973, an indictment was returned charging the defendant with second degree burglary in violation of the then-effective provisions of 11 Del.C. § 393.[1] That indictment in relevant part reads as follows:

"The Grand Jury charges ROBERT F. HAMILTON with the following of-

---

1. Although in full force and effect on the day of the alleged crime, 11 Del.C. § 393 has since been repealed and replaced by 11 Del.C. § 825 (Non-Cumm.Supp.1972).

fense, a FELONY: BURGLARY SECOND DEGREE in violation of Title 11, Section 393 . . . ROBERT F. HAMILTON on or about the 4th day of January, 1973 . . . did . . . in the nighttime, break and enter the dwelling house of Judith Young . . . in which the dwelling house there was at the time a human being, with the intent to commit an assault and while inside did assault the said Judith Young."

In support of his motion, defendant contends that the assault referred to in the indictment is the same assault for which he was previously convicted and sentenced in Municipal Court and that to proceed to the merits of the indictment in Superior Court would twice place the defendant in jeopardy for the same offense. The State, conversely, argues that assault and battery and second degree burglary are separate and distinct offenses and that the double jeopardy rule does not prevent the prosecution of the latter offense, notwithstanding a prior conviction of the former.

 The double jeopardy clause of the Fifth Amendment forbids prosecution for the same offense twice, regardless of whether the initial prosecution resulted in an acquittal or a conviction. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). This constitutional guarantee against double jeopardy is now enforceable against the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707 (1969). The precise question in this case is whether, under that guarantee, a prior conviction for assault and battery in Municipal Court is a bar to a subsequent prosecution for second degree burglary where both offenses are based upon the same set of facts.

Defendant relies principally on the recent United States Supreme Court decision in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Waller involved an appeal from a felony conviction in a Florida state court. In Waller, petitioner contended that his prosecution was barred because he had previously been convicted in Municipal Court of two misdemeanors which were based upon the same facts as, and represented included offenses of, the felony charge in the state court. Rejecting the State's theory that municipalities and the State are separate sovereign entities, each of which is capable of imposing punishment for the same offense, the Supreme Court held that the constitutional proscription against double jeopardy bars a prosecution for a felony in a state court where the accused was previously convicted in a municipal court of either the identical offense or an included offense of the felony charge which is based upon the same acts of the accused that gave rise to the felony charge.

The holding in *Waller* is inapplicable to the case at bar. Here, unlike *Waller,* the initial prosecution was neither for the identical offense nor an included offense of the felony charge of the second prosecution, although it is quite apparent to the Court that the same series of acts of the defendant gave rise to both charges. In *Waller,* there was but one criminal transaction prosecuted twice under different names. In the instant case, however, the defendant was charged with separate criminal offenses, each arising out of the same transaction.

 Our state courts have consistently stated that the prohibition against double jeopardy is not against multiple prosecution of the same criminal act constituting two or more separate criminal offenses, but is solely against multiple prosecution of the same criminal offense. Vincent v. State, Del.Supr., 256 A.2d 268, 271 (1969); State v. Heitter, Del.Supr., 203 A.2d 69, 72 (1964). The word "offense," for purposes of double jeopardy, is not synonymous with "act" or "transaction." The same act may constitute two offenses if it is a violation of two distinct statutory provisions. State v. Turner, Del.Supr., 3 Storey 305, 168 A.2d 539, 542 (1961). The

test ultimately used to determine whether there are in fact and in law two separate offenses is whether each provision requires proof of an additional fact which the other does not. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Turner, supra, 168 A.2d at 542.

In the instant case, the alleged acts of the defendant gave rise to two separate statutory offenses, assault and battery, 11 Del.C. § 105, and burglary in the second degree, 11 Del.C. § 393. The latter offense, unlike the former, requires proof of numerous additional facts. Moreover, the nature of each offense is intrinsically different. Assault is an offense against a person; burglary is an offense against habitation or occupancy. See generally Perkins on Criminal Law, 2d Edition, chapters 2 and 3. Although an "assault" is an element of burglary in the second degree, that element is merely pertinent to establishing the degree of burglary.

The defendant also relies on Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), wherein the Supreme Court held that the doctrine of collateral estoppel, which is embodied in the Fifth Amendment guarantee against double jeopardy, operates to bar a prosecution that necessarily involves the relitigation of an issue of ultimate fact previously resolved against the state in a prior judgment of acquittal. This concept of collateral estoppel in criminal cases, although only recently elevated to constitutional dimensions in *Ashe,* is not novel under Delaware decisional law. In State v. Heitter, Del.Supr., 203 A.2d 69 (1964), our State Supreme Court applied the well-settled doctrine of res judicata in a case abstractly analogous to *Ashe* and held that a criminal prosecution is barred to the extent that it requires the litigation of matters essential to the prosecution which have previously been resolved against the State in a prior judgment of acquittal.

*Ashe* and *Heitter* are inapplicable. Both cases involved situations where an essential issue in a prosecution was previously resolved against the State in a prior judgment of acquittal. In this case an issue was resolved against the accused in a prior conviction, and that issue is only a technical requirement in a prosecution for burglary to establish the degree of that offense.

Finally, it is necessary to consider whether the trial in the Superior Court on the pending indictment is barred by the prior Municipal Court conviction by operation of Title 11, Del.C. §§ 207 and 208, which are portions of the recently enacted Delaware Criminal Code. Section 207, however, is manifestly inapplicable since that section deals only in situations where both the prior and the pending prosecutions are for a violation of the same statutory provision. Although Section 208 deals in situations involving prosecutions for violations of different statutory provisions, that section is likewise inappropriate. First of all, the Court in which the first prosecution was made must have had jurisdiction over the subject matter of the second prosecution. In the instant case, the Municipal Court did not have jurisdiction over the subject matter of the second prosecution, burglary in the second degree, a felony. Additionally, to define these crimes is to demonstrate that they are separate and distinct offenses and that each offense is intended to prevent a substantially different harm or evil.

The Court finds, therefore, that the pending indictment is not barred by defendant's prior conviction in Municipal Court, either under 11 Del.C. §§ 207 and 208 or under recent federal judicial interpretations of the double jeopardy clause of the Fifth Amendment.

Accordingly, defendant's motion to dismiss the indictment for reasons of double jeopardy is denied.

It is so ordered.