Gary C. HACKETT, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Oct. 24, 1989.
Decided: Jan. 3, 1990.

James A. Bayard, of the Office of the Public Defender, for appellant, Gary C. Hackett.

Charles E. Butler, of the Dept. of Justice, for appellee, State.

Before CHRISTIE, C.J., MOORE and HOLLAND, JJ.

MOORE, Justice.

In this dispute we are presented with the question of whether the imposition of consecutive sentences for robbery and assault arising from the same factual circumstance violates the Fifth Amendment's prohibition against double punishment, or is inconsistent with Delaware's statutory guidelines for consecutive sentencing. The appellant, Gary C. Hackett ("Hackett"), was convicted and sentenced to consecutive terms for robbery and assault for robbing and seriously injuring another person. Based on our review of the distinct elements of robbery and assault under Delaware law, we hold that consecutive sentencing in these circumstances does not violate the federal prohibition against double jeopardy or our own statutes governing lesser included offenses.

I.

Hackett was tried before a jury and convicted in Superior Court on October 25, 1988, on charges of first degree robbery, 11 Del.C. § 832, and first degree assault, 11 Del.C. § 613. He was sentenced to consecutive terms of five years for the robbery and three years for the assault. The charges against Hackett arose from an incident that occurred at 4:00 a.m. on July 2, 1988, in which he demanded money from Mr. Abas Abdul Ismail. Mr. Ismail had been visiting Valerie McKnight, the mother of Hackett's two children, and was walking

to his car when Hackett appeared and demanded ninety dollars he claimed Ms. McKnight owed him. Mr. Ismail refused to give Hackett the money. Mr. Ismail's next recollection was waking up in the hospital a day later. His wallet and watch were gone, and he had been seriously injured by a blow to the head. Mr. Ismail remained hospitalized for two months because of dizzy spells and difficulty in maintaining his balance.

On appeal, Hackett asserts a double jeopardy claim under the Fifth Amendment to the United States Constitution. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). He also claims that the imposition of consecutive sentences for robbery and assault in this instance is inconsistent with Delaware criminal statutes. He argues that since the legislature expressly required consecutive sentencing in connection with some offenses, but not for robbery or assault, it must be presumed in this instance that the General Assembly did not intend consecutive sentences to be imposed. *Compare* 11 *Del.C.* § 1447(c) (expressly requiring consecutive sentencing for possession of a deadly weapon during the commission of a felony) *with* 11 *Del.C.* §§ 832 & 613 (no discussion of consecutive sentencing for robbery or assault).

## II.

■ When the same conduct violates two statutory provisions, the first step in a double jeopardy analysis is to determine whether the legislature intended that each violation be treated as a separate offense. *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985); *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182; *LeCompte v. State*, Del.Supr., 516 A.2d 898, 900–03 (1986). The *Blockburger* rule is a useful canon of statutory construction that helps determine legislative intent. *Garrett*, 471 U.S. at 778–79, 105 S.Ct. at 2411–12. Under *Blockburger*, the test for double jeopardy is "whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. Delaware has a similar rule for lesser included offenses. 11 *Del.C.* § 206.[1]

■ Applying *Blockburger* to the statutory provisions at issue here, we hold that the offenses of first degree robbery and first degree assault of which Hackett was convicted are not the same offenses for double jeopardy purposes. First degree robbery under 11 *Del.C.* § 832 requires proof of theft, while first degree assault under 11 *Del.C.* § 613 does not. Conversely, first degree assault requires proof of intentional or reckless conduct that causes serious physical injury, while first degree robbery does not. Although physical injury may be an element of first degree robbery in some cases, it need not be caused intentionally or recklessly as in first degree assault. Since each statute requires proof of a fact which the other does not, it follows under a *Blockburger* analysis that the legislature intended them to be treated as separate offenses.

Clearly, under 11 *Del.C.* § 206, neither of these offenses is a lesser offense of the other. First, the *Blockburger* analysis detailed above shows that assault and robbery require proof of different facts. Second, this is not a case involving crimes that by definition are included in another, such as attempted robbery and robbery, or theft and robbery. Finally, although robbery and assault can be distinguished on the basis of the extent of injury suffered, the crimes involve fundamentally different elements of proof. A robber intends to take or deprive another of his property, whereas one who assaults another intends to cause

---

1. Under 11 *Del.C.* § 206, an offense is included in another when:
    (1) It is established by the proof of the same or less than all the facts required to establish the commission of the offense charged; or
    (2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

    (3) It involves the same result but differs from the offense charged only in the respect that a less serious physical injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

11 *Del.C.* § 206(b)(1–3).

or recklessly causes serious physical injury to another.

 Our previous decision in *Whalen v. State*, Del.Supr., 434 A.2d 1346 (1981), further supports our holding today. In *Whalen* we held that in the context of felony-murder the underlying felony is not a lesser included offense of murder. *Id.* at 1357. First degree assault under 11 *Del.C.* § 613(4) is a crime of "felony-assault" akin to felony-murder in that it always requires proof of an underlying felony. Based on *Whalen*, we thus hold that the underlying felony, of robbery, is not a lesser included offense of first degree assault under § 613(4).

### III.

Finally, we reject Hackett's strained construction of Delaware criminal statutes. We refuse to infer legislative intent not to impose consecutive sentencing for robbery and assault, based solely on omissions in criminal statutes. The statutory provision dealing with possession of weapons is unique, *see LeCompte*, 516 A.2d at 902, and the legislature's decision to require consecutive sentencing for possession of a deadly weapon during the commission of a felony does not necessarily imply that the legislature intended that other sentences should *not* be consecutive. Indeed, the legislature has addressed the issue of whether courts should impose multiple punishments for the same conduct in 11 *Del.C.* § 206. It has clearly distinguished robbery from assault by requiring proof of separate facts for each offense. Under these circumstances, we refuse to infer legislative intent from an omission in a particular provision.

The judgment of the Superior Court is AFFIRMED.