**STATE of Delaware, Plaintiff,**

**v.**

**Kevin WILLIS, Defendant.**

**Crim. A. No. IN95–01–0246.**

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 24, 1995.

Decided: Nov. 21, 1995.

Daniel R. Miller, Deputy Attorney General, Wilmington, for State of Delaware.

Nancy J. Perillo, Assistant Public Defender, Wilmington, for Defendant Kevin Willis.

**OPINION**

COOCH, Judge.

Kevin Willis (Defendant) is charged by indictment with one count of Robbery First Degree (11 *Del.C.* § 832). Defendant has filed a Motion to Dismiss Indictment pursuant to Super.Ct.Crim.R. 12, asserting that prosecution of him on this Robbery First Degree charge is barred by the prohibition against double jeopardy because of his prior conviction for Unauthorized Use of a Vehicle (11 *Del.C.* § 853) arising out of the same incident. This Court finds that 11 *Del.C.* § 206 is relevant to a double jeopardy analysis, and that subsection (b)(3), seldom used, yet the broadest of three alternative definitions of lesser-included offenses, compels the conclusion that Unauthorized Use of a Vehicle is a lesser-included offense. Therefore, for the reasons set forth herein, Defendant's motion is GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts set forth by Defendant are not disputed by the State. Defendant is alleged to have taken a 1993 Toyota Tercel belonging to one Shaunte Wilford by threat of force on December 8, 1994. This incident was reported by Ms. Wilford to the Wilmington Police Department on December 12. On December 15, Ms. Wilford swore out an arrest warrant from Wilmington Municipal Court charging Defendant with Unauthorized Use of a Vehicle, a Class A Misdemeanor (11 *Del.C.* § 853); the record is unclear as to whether the police or any prosecuting attorney were aware of this action. On January 9, 1995 the New Castle County Grand Jury returned an indictment [1] against Defendant for Robbery First Degree in violation of 11 *Del.C.* § 832 and an arrest warrant was issued pursuant to Super.Ct.Crim.R. 9. In February 1995 the State filed an information [2] in Municipal Court against Defendant for Unauthorized Use of Vehicle apparently based on the arrest warrant sworn out by Ms. Wilford. Defendant was arrested on the Super.Ct.Crim.R. 9 warrant for the Robbery First Degree charge on February 12, 1995.

On March 1, 1995, Defendant pleaded guilty in Municipal Court to Unauthorized

---

**1.** The indictment reads in pertinent part: Defendant "in the course of committing theft, did threaten the immediate use of force upon Shaunte Wilford with intent to compel the said person to deliver up property consisting of an automobile and when in the course of commission of the crime, he displayed what appeared to be a deadly weapon, to wit: a gun."

**2.** The information reads in pertinent part: Defendant "with force of arms ... did unlawfully and wilfully commit ... Unauthorized Use of a Motor[sic] Vehicle ... knowing that he did not have consent of the owner ..."

Use of a Vehicle and was ordered to pay a fine of $75 plus costs and to have no contact with Ms. Wilford.

Defendant thereafter filed the instant Motion to Dismiss Indictment asserting that this prosecution for Robbery First Degree is barred by the prohibition against double jeopardy by virtue of Defendant's prior conviction in Municipal Court on March 1, 1995, for Unauthorized Use of a Vehicle.

## II. DISCUSSION

### A. The Parties' Contentions

The parties raise two issues determinative of whether double jeopardy prohibits this prosecution of Defendant for Robbery First Degree.

First, Defendant argues that Unauthorized Use of a Vehicle is a lesser-included offense of Robbery First Degree under 11 *Del.C.* § 206(b)(1) and (3) and that double jeopardy thus prohibits a second prosecution for Robbery First Degree. The State asserts that Robbery First Degree and Unauthorized Use of a Vehicle are two distinct offenses and that neither § 206 nor double jeopardy bars this second prosecution. The State argues that the definition of included offenses in 11 *Del.C.* § 206 applies solely to jury instructions and that 11 *Del.C.* § 208 is the only applicable double jeopardy statute in this case.

Second, the State argues that even if Unauthorized Use of a Vehicle is a lesser-included offense of Robbery First Degree, this prosecution is not prohibited because of the "jurisdictional exception" to double jeopardy because Municipal Court lacked jurisdiction finally to determine the felony charge of Robbery First Degree.

3. The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" The double jeopardy protection is binding on the States through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

4. The Delaware Constitution provides that "no person shall be for the same offense twice put in

### B. Applicable Constitutional Double Jeopardy Principles

The protection against double jeopardy is fundamental to our criminal justice system. It is found in the Fifth Amendment to the United States Constitution,[3] in Article I, § 8 of the Delaware Constitution,[4] and in the Delaware criminal statutes. 11 *Del.C.* §§ 206–210; *see also* 16 *Del.C.* § 4762 (identifying certain "lesser included" drug offenses).

Double jeopardy guarantees three protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *State v. Cook,* Del.Supr., 600 A.2d 352, 354 (1991) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The issue in this case is whether double jeopardy protects against "a second prosecution for the same offense after conviction" in this prosecution for Robbery First Degree after Defendant's prior conviction for Unauthorized Use of a Vehicle stemming from the same incident.

### C. Delaware's Double Jeopardy Statutes

Protection against double jeopardy is codified in the Delaware criminal statutes, 11 Del.C. §§ 206–210, which are based on §§ 1.07–1.11, respectively, of the *Model Penal Code,* a legislative project of the American Law Institute which was completed in 1962. *Model Penal Code* §§ 1.07–1.11 (1985); *Delaware Criminal Code with Commentary* § 101 at 2 (1973) (hereinafter *Code Commentary* ). *See also* 16 *Del.C.* § 4752. As the Explanatory Note for §§ 1.07–1.11 of the *Model Penal Code* explains, "[s]ections 1.07 to 1.11 involve different aspects of dou-

jeopardy of life or limb." Del. Const. art. I, § 8. The double jeopardy language of the Delaware Constitution is similar to the federal provision. *State v. Cook,* Del.Supr., 600 A.2d 352, 354 n. 3 (1991) (citing *White v. State,* Del.Supr., 576 A.2d 1322, 1324 n. 3 (1990)). The Delaware Supreme Court has not yet been required to determine whether the federal and state double jeopardy provisions are identical in scope in all respects. *Id.*

ble jeopardy protection." *Model Penal Code* § 1.07 explanatory note at 102.

Section 206 ("Method of prosecution when conduct constitutes more than 1 offense"), based on *Model Penal Code* § 1.07, states the general rule that a defendant may be convicted of more than one offense arising from the same conduct but not if "[o]ne offense is included in the other, as defined in subsection (b) of this section". 11 *Del.C.* § 206(a)(1). Section 207 ("When prosecution is barred by former prosecution for the same offense"), based on *Model Penal Code* § 1.08, prohibits subsequent prosecutions for the same offense. Section 208 ("When prosecution is barred by former prosecution for different offense"), based on *Model Penal Code* § 1.09, sets forth the circumstances under which a prior prosecution is a bar to a subsequent prosecution for a different offense. Section 209 ("When prosecution in another jurisdiction; when a bar"), based on *Model Penal Code* § 1.10, prohibits certain prosecutions in Delaware when there has been a prior prosecution in another jurisdiction. Section 210 ("Former prosecution before court lacking jurisdiction or when fraudulently procured by defendant"), based on *Model Penal Code* § 1.11, limits the application of §§ 207, 208 and 209 in certain specified circumstances, but does not limit § 206. (Nothing in § 210 or the *Code Commentary* thereto explains why § 206 was omitted. The Comment to *Model Penal Code* § 1.11 states that § 1.11 applies to "those sections," which sections include *Model Penal Code* § 1.07, although the text of § 1.11 does by its terms apply only to §§ 1.08, 1.09 and 1.10. *Model Penal Code* § 1.11 comment.)

■ The State asserts that the applicable double jeopardy statute is 11 *Del.C.* § 208, and that 11 *Del.C.* § 206 is limited exclusively to jury instructions, i.e., the issue of when it is appropriate to charge a jury on offenses other than those charged by the prosecution. Defendant asserts that 11 *Del.C.* § 206 is the applicable statute. This Court agrees with Defendant and finds that § 206 applies to this case and that § 208 is inapplicable. In a case in which the same conduct violates two statutory provisions, "the first step in a double jeopardy analysis is to determine wheth-

er the legislature intended that each violation be treated as a separate offense." *Hackett v. State,* Del.Supr., 569 A.2d 79, 80 (1990). To make that determination, Delaware courts apply the statutory rule set forth in 11 *Del.C.* § 206(b), one part of which (subsection (b)(1)) parallels the well-known federal *Blockburger* test. *Hackett v. State,* 569 A.2d at 80; *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (holding that a single act or transaction may constitute two separate offenses only where each offense requires proof of an element which the other does not). Thus, the *Hackett* Court stated clearly that § 206 is applicable in double jeopardy analysis. This Court finds no support in case law, the *Code Commentary* or subsection (c) of § 206 that limits the application of subsections (a) and (b) of § 206 to jury instructions. *See Model Penal Code* § 1.07 explanatory note at 102 (stating that § 107 [on which § 206 is based] "involve[s] different aspects of double jeopardy" and "specifies the situations in which *conviction for more than one offense* based on the same conduct is precluded." (emphasis added)) Although § 206(c) provides the circumstance under which a court "is not obligated to charge the jury with respect to an included offense[,]" there is nothing in the text of the subsection which provides that the entirety of § 206 is intended to relate *solely* to jury instructions.

■ Further, although § 208 can apply to violations of "different statutory provisions," it is inapplicable to this case because this section potentially bars a second prosecution where, unlike here, the former prosecution was in a court that had jurisdiction over the "subject matter of the second prosecution" (i.e., Robbery First Degree). "The effect of § 208 is limited to a prior prosecution in a Court having jurisdiction over the subject matter of the second prosecution." *Code Commentary* § 208 at 19. *See State v. Hamilton,* Del.Supr., 318 A.2d 624, 627 (1974) (holding that for § 208 to apply, "the Court in which the first prosecution was made must have had jurisdiction over the subject matter of the second prosecution.") *See also* 11 *Del.C.* § 207. Therefore, § 208 does not ap-

ply and § 206 is the applicable double jeopardy statute.

■ This Court must first apply Delaware's statutes when resolving a double jeopardy issue and need only consider the State and federal constitutional double jeopardy provisions when it appears that the issue is not covered by the Delaware statutory scheme or that application of the statute will violate a State or federal constitutional provision. *See Downs v. Jacobs*, Del.Supr., 272 A.2d 706 (1970) (holding that constitutional issues will not be decided unless essential to a determination of the case). For the reasons which follow, this Court has determined that prosecution for Robbery First Degree is prohibited by 11 *Del.C.* § 206(b)(3). Therefore, it is unnecessary to reach the issue of whether Delaware's statutes provide "greater protection" than granted by the federal or Delaware constitutional double jeopardy provisions [5] and whether application of the *Blockburger* "same elements" test of § 206(b)(1) also bars this prosecution.

5. "It is elementary that States are free to provide greater protections in their criminal justice system than the federal Constitution requires." *California v. Ramos*, 463 U.S. 992, 1013–1014, 103 S.Ct. 3446, 3460, 77 L.Ed.2d 1171 (1983); *Bailey*, 523 A.2d 535, 537 (1987) (holding that a state may place greater limits on the state's right to appeal an order terminating prosecution than the federal constitutional double jeopardy principle requires).

6. Unauthorized Use of a Vehicle, 11 *Del.C.* 853, provides in pertinent part:
   A person is guilty of unauthorized use of a vehicle when:
   (1) Knowing that the person does not have the consent of the owner the person takes, operates, exercises control over, rides in or otherwise uses a vehicle.
   Interestingly, a very similar statute exists in the Motor Vehicle Code. "Driving vehicle without consent of owner," 21 *Del.C.* § 6702, provides in pertinent part:
   (a) No person shall drive another person's vehicle without the consent of the owner thereof, and with intent temporarily to deprive the owner of his possession of such vehicle, but without intent to steal the vehicle.
   Additionally, the Court notes that "carjacking" is now (as of May 1993) a specific crime, 11 *Del.C.* § 222(2):
   "Carjack" or "carjacking" shall mean unlawfully taking possession or control of a

**D. Unauthorized Use of a Vehicle is a Lesser-included Offense of Robbery First Degree**

*1. Subsection (b) of 11 Del.C. § 206 Provides Three Alternative Tests for Determining Whether an Offense is a Lesser-included Offense*

This Court must now consider whether Unauthorized Use of a Vehicle [6] is a lesser-included offense of Robbery First Degree.[7] The definition of lesser-included offenses is found in 11 *Del.C.* § 206 provides in pertinent part that:

(a) When the same conduct of a defendant may establish the commission of more than 1 offense, the defendant may be prosecuted for each offense.... The defendant may not, however, be convicted of more than 1 offense if:

(1) One offense is included in the other, as defined in subsection (b) of this section ...

(b) A defendant may be convicted of an offense included in an offense charged in

motor vehicle by coercion, by duress or without the permission of the owner or any occupant of such vehicle, while such owner or other person is in or within 10 feet of the vehicle, whether or not anyone is injured by the offender in taking possession or control of the vehicle, and whether or not the offender physically drove or operated the vehicle.

7. Robbery First Degree, 11 *Del.C.* § 832, provides in pertinent part:
   (a) A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree and ...
   (2) Displays what appears to be a deadly weapon; or
   (3) Is armed with and uses or threatens the use of a dangerous instrument.
   Robbery Second Degree, 11 *Del.C.* § 831, provides in pertinent part:
   A person is guilty of robbery in the second degree when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to:
   1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or
   2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

the indictment or information. An offense is so included when:

> (1) It is established by the proof of the same or less than all the facts required to establish the commission of the offense charged; or
>
> (2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or
>
> (3) It involves the same result but differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

Thus, under the Delaware statute, this Court must apply all three prongs of subsection (b) before concluding that an offense is not a lesser-included offense of another. *See Hackett v. State,* 569 A.2d at 80 (undertaking a three-part analysis which parallels the 3 subsections of § 206(b)). If one offense is considered a lesser included offense according to the standard in any of the three prongs of § 206(b), then Defendant cannot be prosecuted for both offenses. 11 *Del.C.* § 206(a).

■ The first prong of the Delaware statutory test (§ 206(b)(1)) is the equivalent of the federal *Blockburger* test. *Id.; State v. Wright,* Del.Super., Cr.A. No. S93–10–0134– 0136, 1995 WL 411791, Lee, J., (June 20, 1995) (Letter Op.) at 3–4. "This test emphasizes the elements of the two crimes." *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977). The *Blockburger* test provides that

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not[.]

*Blockburger v. United States,* 284 U.S. at 304, 52 S.Ct. at 182. This "same elements" test was recently reaffirmed by the United States Supreme Court as the basis for determining the protection guaranteed by the double jeopardy clause of the federal Constitution. *United States v. Dixon,* 509 U.S. 688,

——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993) (overruling *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) (which had held that a second prosecution was prohibited if it required the government to "prove conduct that constitutes an offense for which the defendant has already been prosecuted[.]")) However, this Court need not reach the question of whether § 206(b)(1) prevents this prosecution for Robbery First Degree because it finds that § 206(b)(3), the broadest of the three statutory definitions, is determinative of the question. *See, e.g., People v. Raymer,* Colo.Supr., 662 P.2d 1066 (1983) (holding that aggravated robbery is a lesser-included offense of felony murder under the third statutory subsection without analysis under the first or second subsections); *Watson v. Commonwealth,* Ky.Supr., 579 S.W.2d 103 (1979) (holding that terroristic threatening is a lesser-included offense of wanton endangerment because it creates a less serious risk of injury, without analyzing it under any of the other statutory subsections). *But see State v. Burdett,* Haw.Supr., 70 Haw. 85, 762 P.2d 164 (1988) (holding that when making a determination under the statutory equivalent of 11 *Del.C.* § 206(b), a court must employ a two-prong analysis which requires first the application of the subsection (b)(1) and then the application of (b)(2) or (b)(3)).

The Delaware Supreme Court recently considered the statutory scope of lesser-included offenses as defined in 11 *Del.C.* § 206 in the context of jury instructions. *Lilly v. State,* Del.Supr., 649 A.2d 1055 (1994). The *Lilly* court held that each of the three parts of § 206(b) must be considered when determining under Delaware law whether one offense is included in another. *Id.* The trial court in *Lilly* erroneously had adopted a strict "statutory elements" analysis (in declining defendant's request for a jury instruction on a lesser-included offense) which had focused "solely upon the 'elements' in the statutory definitions of the charged offense and the alleged lesser-included offense." *Id.* at 1061. As explained in *Lilly:*

> The official commentary to the Delaware Criminal Code states that Subsection [b][1] provides the "standard" statutory elements

definition of included offenses. *Delaware Criminal Code with Commentary*, 15 (1973) ... This Court has recognized the propriety of using the "statutory elements" test to determine lesser-included offenses. *See Ward v. State*, Del.Supr., 575 A.2d 1156, 1158–59 (1990). This Court's holding in *Ward*, however, can most accurately be characterized as deciding that *one* proper focus under 11 *Del.C.* § 206(b) is on the statutory elements of the offenses, i.e., Section 206(b)(1).

*Id.* at 1061. The Delaware Supreme Court rejected this narrower approach limited to the application of 11 Del.C. § 206(b)(1), noting that "[u]nlike its federal corollary,[8] the Delaware statute prescribing included offenses is not limited exclusively to the standard 'statutory elements' approach." *Id.* at 1061. The Court stated:

> In fact, the official commentary to the Delaware Criminal Code states that subsection 3 [of 11 *Del.C.* § 206(b)] of the Delaware definition of included offenses expressly contemplates that "there may be some dissimilarity in the elements necessary to prove the [included] offense."

*Id.* (quoting *Code Commentary* § 206 at 16.)

The *Lilly* Court noted that whether an offense is an included offense for jury instruction purposes "often depends on the 'particular fact situations[.]'" *Id.* (quoting *Code Commentary* App.B at 501). The Court stated further that:

> [U]nder appropriate factual circumstances, Delaware's expanded definition of included offenses in Section 206(b)(2) and (3) obligates the trial court to instruct the jury on an offense that has rational evidentiary support in the record, notwithstanding a "dissimilarity in the elements necessary to prove [that] offense" and the charged offense.

*Id.* at 1061 (quoting *Code Commentary* § 206 commentary at 16.)

Thus, *Hackett* and *Lilly* stand for the proposition that Delaware has adopted the *Blockburger* "same elements" approach to

included offenses in § 206(b)(1) but has also followed the *Model Penal Code*'s expanded definition of included offenses in § 206(b)(3) for double jeopardy purposes. Eleven *Del.C.* § 206(b)(3) is by its terms broader and more expansive than § 206(b)(1). As stated in the Comment to § 107 of the *Model Penal Code:* "Conviction of an offense and an 'included offense' as defined by [11 *Del.C.* § 206(b)(2) and (3)] would not necessarily be barred under the *Blockburger* test." *Model Penal Code* § 1.07 comment at 108. Although *Lilly* was a jury instructions case, nothing in *Lilly's* discussion of included offenses explicitly or implicitly limited its holding *only* to jury instruction situations, as the State urges. The term "included offense" is widely utilized in double jeopardy analysis. This Court cannot conclude that, although it must look to §§ 207–210 for statutory guidance for many double jeopardy situations, § 206's supposed inapplicability requires this Court also to look to non-statutory authority, i.e., *Blockburger*, to resolve the particular double jeopardy issue present in this case. The fact that § 206 is omitted from § 210's applicability does not compel a conclusion that § 206 is only pertinent to jury instructions. *See also* 11 *Del.C.* § 203 ("[T]he provisions herein [of the Delaware Criminal Code] must be construed according to the fair import of their terms to promote justice and effect the purposes of the law[.]") Eleven *Del.C.* § 206(b)(1) is thus applicable to the instant case.

*2. Unauthorized Use of a Vehicle is a Lesser-included Offense of Robbery First Degree as Defined in § 206(b)(3) Because it Involves Both a "less serious injury" and a "lesser kind of culpability"*

■ This Court must now examine the two charges against Defendant to determine if, under Delaware's definition of included offenses explained in *Hackett* and *Lilly*, Unauthorized Use of a Vehicle is a § 206(b)(3)–included offense for the purpose of invoking the double jeopardy bar to this prosecution for Robbery First Degree.

---

**8.** *See* Fed.R.Crim.P. 31(c) which adopts the "statutory elements" approach with respect to jury    instructions.

Defendant argues that Unauthorized Use of a Vehicle is a lesser-included offense of theft, 11 *Del.C.* § 841. Section 841 provides in pertinent part that "[a] person is guilty of theft when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it." 11 *Del.C.* § 841. Defendant maintains that Unauthorized Use of a Vehicle differs from theft only in that the actor temporarily, rather than permanently, deprives the owner of the vehicle and relies on *Del.C.* 206(b)(3) which provides that the temporary loss of the vehicle is a "less serious injury" and involves a "lesser kind of culpability" than is required for theft and that, therefore, Unauthorized Use of a Vehicle is a lesser-included offense of theft.

The State, applying only the *Blockburger* "same elements" test, argues that Unauthorized Use of a Vehicle is a separate and non-included offense from Robbery First Degree in that each offense requires proof of an element not included in the other and that Unauthorized Use of a Vehicle requires proof of an element not included in Robbery First Degree because the State is required to prove that the defendant did not have the consent of a owner of the vehicle in an Unauthorized Use of a Vehicle prosecution but is not required affirmatively to prove that a defendant committed Theft or Robbery First Degree without the consent of the property owner. As stated, however, this case need not be resolved under *Blockburger* or § 206(b)(1).

Under § 206(b)(3), an offense is a lesser-included offense if it either results in a "less serious injury" or involves a "lesser kind of culpability." Unauthorized Use of a Vehicle is a § 206(b)(3) lesser-included offense of Robbery First Degree under either of these

tests. First, the use of a vehicle is a temporary condition. This is "less serious injury" to the owner of the vehicle than the permanent loss of the vehicle required by the general theft statute.[9] Second, the knowing use of a vehicle without the consent of the owner is clearly a "lesser kind of culpability" than intending permanently to deprive the owner of the vehicle. *See* 11 *Del.C.* §§ 231 and 253.

For the reasons stated above, this Court finds that Unauthorized Use of a Vehicle is a lesser-included offense of theft, and thereby also a lesser-included offense of Robbery First Degree, pursuant to both applicable criteria of 11 *Del.C.* § 206(b)(3). Section 206(a) mandates that a defendant may not be convicted of more than one offense when one offense is included in another as defined by 11 *Del.C.* § 206(b). Defendant has been convicted of the "included" offense of Unauthorized Use of a Vehicle. Applying 11 *Del.C.* § 206(b)(3), this prior conviction bars the present prosecution of Defendant for Robbery First Degree based on the same incident, requiring dismissal of the indictment.[10]

## E. The "Jurisdictional Exception" to the Double Jeopardy Clause is Inapplicable

The State's second argument is that even if Unauthorized Use of a Vehicle is a lesser-included offense of Robbery First Degree, jeopardy does not attach to the greater offense when the lesser charge is adjudicated in a court with no final jurisdiction over the greater charge. According to the State this "jurisdictional exception" is one of the "few exceptions to the *Blockburger* ['same elements'] test" and operates to preclude the protection to Defendant of the double jeopardy clause because Wilmington Municipal Court had no final jurisdiction over Robbery First Degree, a Class B felony.

---

**9.** If the intent is to "use" the vehicle for so long has to "appropriate" the vehicle or "deprive" the owner of a "major portion of economic value," the intent would be sufficient for a conviction for theft under 11 *Del.C.* § 841.

**10.** Having found that one of Delaware's statutory double jeopardy provisions, 11 *Del.C.* § 206(b)(3), prohibits this prosecution for Robbery First Degree subsequent to a prosecution for Unauthorized Use of a Vehicle, it is unnecessary for this Court to consider the application of ei-

ther the federal or Delaware constitutional double jeopardy provisions or § 206(b)(1). *Cf. Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (holding that "joyriding" is a lesser included offense of auto theft pursuant to the federal *Blockburger* "same elements" test); *Ex Parte Jefferson*, Tex.App., 681 S.W.2d 33 (1984) (holding that the Double Jeopardy Clause of the United States Constitution barred a prosecution for theft of a pickup truck following a conviction for "unauthorized use" of the same vehicle.)

█ It is well established that when a criminal act constitutes an offense against more than one sovereign, each sovereign has the authority to prosecute the defendant.

An offense against the United States can only be punished under its authority and in the tribunals created by its laws; whereas, an offense against a State can be punished only by its authority and in its tribunal. The same act ... may constitute two offenses, one against the United States and the other against a State.

*Waller v. Florida*, 397 U.S. 387, 394, 90 S.Ct. 1184, 1188, 25 L.Ed.2d 435 (1970) (quoting *Grafton v. United States*, 206 U.S. 333, 354–355, 27 S.Ct. 749, 755, 51 L.Ed. 1084 (1907). The separate sovereign theory does not apply, however, to a subdivision within a state.

Political subdivisions of States—counties, cities, or whatever—never were and never have been considered as sovereign entities. Rather, they have been traditionally regarded as subordinate government instrumentalities created by the State to assist in the carrying out of state governmental functions.

*Waller*, 397 U.S. at 392, 90 S.Ct. at 1187 (quoting *Reynolds v. Sims*, 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506 (1964).[11] *See also* 3 W. LaFave and J. Israel, *Criminal Procedure* § 24.1 at 66–67 (1984) (stating that "the 'dual sovereignty' rule is not applicable in situations of state-after-municipal or municipal-after-state prosecutions.").

The United States Supreme Court in *Waller* was careful to limit its holding to a prohibition against a subsequent prosecution by a political subdivision of a state for the identical offense.[12] The Court stated that:

If petitioner has committed offenses not embraced within the charges against him in the municipal court he may, or may not, be subject to further prosecution depending on statutes of limitation and other restrictions not covered by the double jeopardy restraints of the Constitutions of Florida and of the United States.

*Waller*, 397 U.S. at 395 n. 6, 90 S.Ct. at 1189 n. 6. Thus, the holding in *Waller* articulates the general rule that double jeopardy prohibits a second prosecution for the same offense, including included offenses, but does not always prevent a second prosecution for a different offense even if arising from the same conduct. *State v. Hamilton*, 318 A.2d 624, 626 (1974) (citing *Vincent v. State*, Del.Supr., 256 A.2d 268, 271 (1969)).

█ The State, however, argues that *Hamilton* stands for the proposition that Delaware has "expressly adopted the jurisdictional exception in a case strongly analogous to the case at bar." In *Hamilton* the defendant was arrested for Burglary Second Degree and for "assault and battery." The defendant had previously been found guilty of assault and battery in Municipal Court. The Burglary charge was bound over to the Superior Court. Defendant unsuccessfully sought to have the Burglary charge dismissed in Superior Court based on the prohibition against double jeopardy.

The State's reliance on *Hamilton* is misplaced for two reasons. First, the court in *Hamilton* did not create a "jurisdictional exception" to double jeopardy, pointing out that 11 *Del.C.* § 208 was inapplicable to its determination. *Hamilton*, 318 A.2d at 627. Second, the *Hamilton* court held that Burglary and assault and battery were not the same offense based on application of the "same elements" test;[13] Burglary does not require

---

**11.** Some states have attempted to treat municipalities and states as separate sovereigns for double jeopardy purposes; however, this "dual sovereignty" approach is clearly invalid (if it ever was valid) under *Waller*. *Waller*, 397 U.S. at 392, n. 3, 90 S.Ct. at 1187, n. 3; *see also* 21 Am.Jur.2d *Criminal Law* §§ 274 and 284; *Model Penal Code* § 1.11 comment, n. 6.

**12.** *Waller* reversed the holding of the Florida District Court of Appeals, certiorari subsequently denied by the Florida Supreme Court. The District Court of Appeals held that:

[E]ven if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.

*Waller*, 397 U.S. at 395, 90 S.Ct. at 1189 (quoting *Waller v. Florida*, 213 So.2d 623 (1968), *cert. denied*, 221 So.2d 749 (1968).

**13.** As discussed *supra*, Delaware's expanded definition of included offenses also allows some dissimilarity in statutory elements; however, the two offenses must "involve the same result" and differ "only in the respect that a less serious

proof of assault and battery, and assault and battery does not require proof that the defendant entered a building or dwelling. As the court explained:

> [I]t is necessary to consider whether the trial in the Superior Court on the pending indictment is barred by the prior Municipal Court conviction by operation of Title 11, Del.C. §§ 207 and 208 ... Section 207, however, is manifestly inapplicable since that section deals only in situations where both the prior and the pending prosecutions are for a violation of the same statutory provision. Although Section 208 deals in situations involving prosecutions for different statutory provisions, that section is likewise inappropriate. First of all, the Court in which the first prosecution was made must have jurisdiction over the subject matter of the second prosecution. In the instant case the Municipal Court did not have jurisdiction over the subject matter of the second prosecution, burglary in the second degree, a felony. Additionally, to define these crimes is to demonstrate that they are separate and distinct offenses and that each offense is intended to prevent a substantially different harm or evil.

*Id.* at 627. Thus, it is clear that the *Hamilton* court based its decision on its finding that Burglary was a "separate and distinct offense" from "assault and battery" and not on the application of any "jurisdictional exception."

This Court similarly finds that § 208 is inapplicable to the determination of this case. As earlier explained, § 208 prevents a second prosecution "for a violation of a different statutory provision ... by a former prosecution in a court having jurisdiction over the subject matter of the second prosecution ..." Section 208 is inapplicable where, as here, the former prosecution is in a court that is without jurisdiction over the subsequent prosecution. The fact that § 208 does not always bar a second prosecution does not create a "jurisdictional exception" as suggested by the State. When the former pros-

ecution is in a court without jurisdiction over the second prosecution the court must look to other statutory provisions (*e.g.*, § 206) and, if necessary, to federal and Delaware constitutional principles to determine if the subsequent prosecution is barred by the prohibition against double jeopardy.

It has been observed that:

> [S]tates may not, by the device of creating courts of limited jurisdiction, avoid the constitutional mandate against placing a person twice in jeopardy for the same offense....

> The decision reached herein [dismissal of the case on double jeopardy grounds] does not impose an undue hardship on the state. It merely requires that the prosecution of individuals accused of criminal activity be managed in such a way that those individuals are not forced to climb a ladder of multiple criminal prosecutions from the 'least' included offense to the greatest. In this regard, any breakdown in communications between the state and municipal officials forms no justification for depriving an accused person of his right to plead double jeopardy.

*Pettyjohn v. Evatt,* 369 F.Supp. 865, 872 (E.D.Tenn.1974) (quoting *Robinson v. Neil,* 366 F.Supp. 924 (E.D.Tenn.1973); *see Model Penal Code* § 1.11 comment n. 6. As has been noted by the Delaware Supreme Court, "[i]t is the state which makes the determination that the defendant will be charged with the statutory misdemeanors, and it matters little to the defendant that his fine or imprisonment results from a summary proceeding rather than from a proceeding in a constitutional court of record." *State v. Heitter,* Del.Supr., 57 Del. 595, 203 A.2d 69, 74 (1964).

This Court's decision today imposes no "undue hardship" on the State and is founded on the basic rationale underlying the Double Jeopardy Clause:

> The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more

---

injury ... or a lesser kind of culpability suffices to establish its commission." *See* 11 *Del.C.*

§ 206(b)(3).

than once for an alleged offense ... The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*White v. State*, Del.Supr., 576 A.2d 1322, 1324–1325 (1990) (quoting *United States v. DiFrancesco*, 449 U.S. 117, 127–28, 101 S.Ct. 426, 432–33, 66 L.Ed.2d 328 (1980). Although the prior Municipal Court prosecution may well have been inadvertent in this case, this Court is not prepared to adopt an interpretation of §§ 206 and 208 that would, at least theoretically, invite the State, inadvertently or intentionally, to "climb a ladder of multiple criminal prosecutions from the 'least' included offense to the greatest" through courts of differing jurisdiction. *Pet-*

*tyjohn*, 369 F.Supp. at 872 (quoting *Robinson v. Neil*, 366 F.Supp. at 929.)

Eleven *Del.C.* § 206(b)(3) requires dismissal of the pending indictment charging the Defendant with Robbery First Degree.

## III.  CONCLUSION

This Court has determined that Unauthorized Use of a Vehicle is a lesser-included offense of Robbery First Degree as defined by 11 *Del.C.* § 206(b)(3). Applying the rule from *Waller* that municipal courts derive their power from the same sovereign as the State courts, this Court concludes that this second prosecution is barred by the principle of double jeopardy. For the foregoing reasons, Defendant's Motion to Dismiss Indictment is **GRANTED.**

**IT IS SO ORDERED.**