IN THE SUPREME COURT OF THE STATE OF DELAWARE

ALEX RYLE, §
§ No. 194, 2021
　　Defendant Below, §
　　Appellant, § Court Below—Superior Court
§ of the State of Delaware
　　v. §
§ Cr. ID No. 1404000692 (N)
STATE OF DELAWARE, §
§
　　Plaintiff Below, §
　　Appellee. §

Submitted: December 3, 2021
Decided: January 31, 2022

## **ORDER**

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)　The appellant, Alex Ryle, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence.[1]　After careful consideration of the parties' arguments, we conclude that the judgment of the Superior Court should be affirmed.

(2)　The record reflects that, in February 2015, a Superior Court jury found Ryle guilty of possession of a firearm by a person prohibited ("PFBPP"), carrying a

---

[1] *State v. Ryle*, 2021 WL 2272851 (Del. Super. Ct. June 2, 2021).

concealed deadly weapon ("CCDW"), and possession of firearm ammunition by a person prohibited ("PABPP"). The verdict arose from the police discovering a loaded firearm in Ryle's right front pants pocket when they arrested him for absconding from probation authorities.

(3) After granting the State's petition to declare Ryle an habitual offender under 11 *Del. C.* § 4214(a), the Superior Court sentenced Ryle as follows: (i) for PFBPP, as an habitual offender under Section 4214(a), fifteen years of Level V incarceration with credit for 159 days previously served; (ii) for CCDW, as an habitual offender under Section 4214(a), eight years of Level V incarceration; and (iii) for PABPP, eight years of Level V incarceration suspended for decreasing levels of supervision. On appeal, this Court affirmed the Superior Court's judgment.[2] This Court subsequently affirmed the Superior Court's denial of Ryle's first motion for postconviction relief.[3]

(4) On February 3, 2021 Ryle filed a motion for correction of illegal sentence. At the Superior Court's request, the State filed a response to the motion. On June 2, 2021, the Superior Court denied the motion. This appeal followed.

(5) We review the denial of a motion for sentence correction for abuse of discretion.[4] We review questions of law and claims of constitutional violations *de*

---

[2] *Ryle v. State*, 2016 WL 5929952 (Del. Oct. 11, 2016).
[3] *Ryle v. State*, 2020 WL 2188923 (Del. May 5, 2020).
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

*novo*.[5]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(6)     As he did below, Ryle argues that PFBPP and PABPP are lesser-included offenses of CCDW under 11 *Del. C.* § 206 and therefore his separate convictions and sentences for PFBPP, PABPP, and CCDW violate the Double Jeopardy Clauses of the United States and Delaware Constitutions.  This Court has previously held that the Double Jeopardy Clauses do not bar treating PFBPP and PABPP convictions based on possession of one, loaded firearm as separate offenses for sentencing purposes.[7]   Ryle's argument that PFBPP and PABPP are lesser included offenses of CCDW is also unavailing.

(7)     The prohibition against Double Jeopardy protects a criminal defendant from receiving multiple punishments for the same offense.[8]  "Section 206 effectively codifies the test laid out by the United States Supreme Court in *Blockburger v. United States* for determining whether two offenses are the same for double jeopardy

---

[5] *Panuski v. State*, 41 A.3d 416, 419 (Del. 2012).
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] *Brown v. State*, 2021 WL 2588923, at *1 (Del. June 24, 2021).
[8] *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *State v. Cook*, 600 A.2d 352, 354 (Del. 1991).

3

purposes."[9] *Blockburger* and Section 206 do not negate clearly expressed legislative intent "to allow (or prohibit) convictions under two separate statutes."[10]

(8)     Section 206 provides that "[w]hen the same conduct of a defendant may establish the commission of more than 1 offense, the defendant may be prosecuted for each offense."[11]  The defendant may not be convicted of more than one offense when one "offense is included in the other, as defined in subsection (b) of this section."[12]  Ryle relies on Section 206(b)(3) to argue that PFBPP and PABPP are lesser-included offenses of CCDW.  This section provides that an offense is included when "[i]t involves the same result but differs from the offense charged only in the respect that a less serious injury or risk of injury to the same…public interest or a lesser kind of culpability suffices to establish its commission."[13]

(9)     As the Superior Court recognized, PFBPP, PABPP, and CCDW contain different elements.  The elements of PFBPP and PABPP are the "purchasing, owning, possessing or controlling [of] a deadly weapon or ammunition for a firearm"

---

[9] *Mills v. State*, 201 A.3d 1163, 1167 (Del. 2019).  In *Blockburger v. United States*, the United States Supreme Court held that "where the same act or transaction constitutes a violation of the two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not."  284 U.S. 299, 304 (1932).

[10] *Mills*, 201 A.3d at 1176.  *See also Stigars v. State*, 674 A.2d 477, 482-82 (Del. 1996) (declining to apply *Blockburger* test where commentary to the criminal code reflected the General Assembly's intention for felony theft be a lesser-included offense of robbery).

[11] 11 *Del. C.* § 206(a).

[12] *Id.* § 206(a)(1).

[13] *Id.* § 206(b)(3).

by a person prohibited.[14] The elements of CCDW are carrying a concealed deadly weapon without a license to do so.[15] Emphasizing that Section 1448 requires proof of a felony conviction while Section 1442 requires proof of concealment, this Court held that Section 1448 and 1442 offenses were not the same for double jeopardy purposes in *Upshur v. State*.[16] *Upshur* involved a defendant who was convicted and sentenced for Section 1448 and 1442 violations that arose from his concealment of a butcher knife in the waistband of his pants.[17]

(10) As Ryle notes, the *Commentary to the Delaware Criminal Code of 1973* ("*Code Commentary*") provides that there may be some dissimilarity in the elements between an offense and a lesser-included offense under Section 206(b)(3) (then Section 206(2)(c)). But PFBPP and PABPP are still not lesser-included offenses of CCDW under Section 206(b)(3). First, there is not a less serious risk of injury to the public interest from PFBPP or PABPP than from CCDW. In *State v. Robinson*, this Court explained that the provisions of the predecessor statute to Section 1448 "demonstrate a manifest intention on the part of the General Assembly to protect the public from the actions of members of that class of persons who, by their past conduct, have shown themselves unworthy to possess firearms."[18]

---

[14] *Id.* § 1448(a), (b).
[15] *Id.* § 1442.
[16] 420 A.2d 165, 168 (Del. 1980)
[17] *Id.* at 167-68.
[18] 251 A.2d 552, 555 (Del. 1969).

5

(11) As to CCDW, this Court has described the legislative purpose as follows:

> The purpose of the General Assembly, in enacting this Statute originally in 1881 (when, as now, carrying a deadly weapon unconcealed seemed no criminal offense) was to remove the "temptation and tendency" to use concealed deadly weapons under conditions of "excitement." *See State v. Costen*, Del.Ct.Gen.Sess., 39 A. 456 (1897); *State v. Chippey*, Del.Ct.Gen.Sess., 33 A. 438 (1892). The legislative purpose, originally and presently, seems to be the avoidance of a deadly attack against another by surprise.[19]

The risk to the public interest of PFBPP and PABPP (armed crime by convicted felons) is not less than the risk to the public interest of CCDW (surprise attack by those with a deadly weapon).

(12) Second, PFBPP and PABPP do not require less culpability than CCDW. PFBPP and PABPP require a person prohibited's knowing possession of a firearm or firearm ammunition. CCDW requires a person's knowing possession of a concealed deadly weapon without a license.

(13) Ryle's reliance on *Poteat v. State*,[20] *State v. Willis*,[21] and *Ball v. United States*[22] to argue that PFBPP and PFABPP are lesser-included offenses of CCDW is misplaced. In *Poteat*, this Court concluded that aggravated menacing was a lesser-included offense of first-degree robbery because the *Code Commentary* contained

---

[19] *Dubin v. State*, 397 A.2d 132, 134 (Del. 1979).
[20] 840 A.2d 599 (Del. 2003).
[21] 673 A.2d 1233 (Del. Super. Ct. 1995).
[22] 470 U.S. 856 (1985).

6

language reflecting the General Assembly's unambiguous intent for menacing to be a lesser-included offense of robbery.[23]  The *Code Commentary* does not contain language reflecting the General Assembly's unambiguous intent for PFBPP and PABPP to be lesser-included offenses of CCDW.

(14)   In *Willis*, the Superior Court held that Section 206(b)(3) prohibited the prosecution of the defendant for first-degree robbery after his prior conviction for unauthorized use of a vehicle because the temporary loss of a vehicle was a less serious injury to the vehicle owner and involved lesser culpability by the unauthorized user of the vehicle.[24]  As already discussed, PFBPP and PABPP do not involve less serious risk of injury or less culpability than CCDW.  In *Ball*, the United States Supreme Court held that a felon could not be convicted and sentenced for both receipt and possession of the same firearm because proof of illegal receipt of the firearm necessarily included proof of illegal possession of the firearm.[25]  Unlike *Ball*, the proof needed for CCDW (concealment of a deadly weapon without a license) does not necessarily include the proof needed for PFBPP and PABPP (possession of a firearm or firearm ammunition by a person prohibited).   Having carefully considered the parties' arguments, we conclude that the Superior Court did not err in denying Ryle's motion for correction of illegal sentence.

---

[23] *Poteat*, 840 A.2d at 605.
[24] *Willis*,  673 A.2d at 1240.
[25] *Ball*, 470 U.S. at 861-65.

NOW, THEREFORE, IT ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice